**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PHILIP R. HUBACEK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ON SEMICONDUCTOR CORPORATION, HASSANE EL-KHOURY, THAD TRENT, and SIMON KEETON, <br><br> Defendants. | Case No.: 23-cv-1429-GBW |

**MEMORANDUM OF LAW IN SUPPORT OF JEFFERY S. LEW'S MOTION**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL**

**FARNAN LLP**
Brian E. Farnan (No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
        mfarnan@farnanlaw.com

*Liaison Counsel for Jeffrey S. Lew and*
*[Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel. (212) 363-7500
Fax: (212) 363-7500
Email: aapton@zlk.com

*Lead Counsel for Jeffrey S. Lew and*
*[Proposed] Lead Counsel for the Class*

Dated: February 12, 2024

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 4

ARGUMENT .................................................................................................................... 4

    I.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF ....................... 4

        A.   The Procedure Required by the PSLRA.................................................... 4

            1.     Movant is Willing to Serve as Class Representative ......................................... 5

            2.     Movant Has the Requisite Financial Interest in the Relief Sought by the Class 6

        B.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ..................................................................................................... 6

            1.     Movant's Claims are Typical of the Claims of all the Class Members ............. 8

            2.     Movant Will Adequately Represent the Class .................................................... 9

    II.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED ........................... 10

CONCLUSION................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blake Partners, Inc. v. Orbcomm, Inc.*,
2008 U.S. Dist. LEXIS 43061 (D.N.J. June 2, 2008) ........................................................ 8, 9

*Chao Sun v. Han*,
2015 U.S. Dist. LEXIS 64060 (D.N.J. May 14, 2015) ............................................................ 8

*In re Drexel Burnham Lambert Group*,
960 F.2d 285 (2d Cir. 1992) ................................................................................................... 9

*Gen. Tel. Co. v. Falcon*,
457 U.S. 147 (1982) ................................................................................................................ 9

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) ................................................................................................ 8

*In re Milestone Scientific Sec. Litig.*,
183 F.R.D. 404 (D.N.J. Oct. 22, 1998) .................................................................................. 9

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014) ..................................................................................... 8, 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................. 8

*In re Party City Secs. Litig.*,
189 F.R.D. 91 (D.N.J. 1999) .................................................................................................. 7

*In re Razorfish, Inc. Secs. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001) .................................................................................... 2

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993) ................................................................................................... 8

*Schulman v. Lumenis, Ltd.*,
2003 WL 21415287 (S.D.N.Y June 18, 2003) ...................................................................... 7

*Smith v. Suprema Specialties, Inc.*,
206 F. Supp. 2d 627 (D.N.J. 2002) ........................................................................................ 2

*Soto v. Hensler*,
235 F. Supp. 3d 607 (D. Del. 2017) ....................................................................................... 2

*Vandevelde v. China Nat. Gas, Inc.*,
277 F.R.D. 126 (D. Del. 2011) ........................................................................................... 6, 7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ...................................................................... 7, 8

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984).............................................................................. 9

*Weltz v. Freeman*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................. 6, 7, 8

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23.......................................................................................... 2, 7, 8

## PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned action (the "Action") brought on behalf of all persons or entities that purchased or otherwise acquired shares of ON Semiconductor Corporation ("onsemi" or the "Company") common stock between May 1, 2023, and October 27, 2023, inclusive (the "Class Period"). The Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Hassane El-Khoury ("El-Khoury"), Thad Trent ("Trent"), and Simon Keeton ("Keeton") (collectively, the "Defendants").

Jeffery S. Lew ("Movant") lost approximately $186,715.00 as a result of the alleged fraud during the Class Period. Movant respectfully submits this Memorandum of Law in support of his Motion for: (1) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (2) approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Farnan LLP ("Farnan") as Liaison Counsel; and (3) the granting of such other and further relief as the Court may deem just and proper.

Movant believes that he has the largest financial interest in the outcome of the case.[1] As such, Movant meets the requirements of the PSLRA for appointment as lead plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his

---

[1] Movant's certification identifying his transactions in shares of Onsemi common stock, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of Brian E. Farnan ("Farnan Decl."), dated February 12, 2024 as Exhibits A and B, respectively.

claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made *a prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002); *Soto v. Hensler*, 235 F. Supp. 3d 607, 615 (D. Del. 2017). Movant satisfies these requirements.

## STATEMENT OF FACTS[3]

Headquartered in Scottsdale, Arizona, onsemi manufactures and sells semiconductor components for various electronic devices worldwide, including power and sensing solutions, and technologies for the electrification of the automotive industry. ¶ 2. Critical to the Company's long-term growth and success is its strategy to focus on the development, manufacture, and sale of a variety of products incorporating silicon carbide ("SiC"). *Id.* A substantial portion of onsemi's SiC products are necessary components of a number of systems used in the production of electric vehicles ("EVs"). *Id.* This matter arises from Defendants' repeated misrepresentations to investors regarding the "stability" and "visibility" of the demand for onsemi's SiC and other products, and

---

[2] The "Class" is comprised of all persons who purchased shares of Onsemi common stock during the Class Period. Excluded from the Class are defendants and their families, the current and former officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Hubacek* Complaint") filed in the action styled *Hubacek v. ON Semiconductor Corporation, et. al.,* Case No. 1:23-cv-01429-GBW (the "*Hubacek* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Hubacek* Complaint. The facts set forth in the *Hubacek* Complaint are incorporated herein by reference.

the sustainability of onsemi's revenue growth, by overstating the impact of the Company's long-term supply agreements ("LTSAs") on the achievability of its revenue streams. *Id.*

The statements set forth above in ¶¶ 24-35 of the *Hubacek* Complaint were materially false and misleading and failed to disclose material adverse facts about the Company's business and operations. ¶ 36. Specifically, Defendants misrepresented that: (1) revenues from billions of dollars in reported LTSAs were "committed" and "locked in," and were effectively certain to be obtained by the Company when, in fact, the Company could and would abrogate the LTSAs at a customer's request; (2) LTSAs provided "predictable" and "sustainable" performance to drive the Company's growth, even in tough macroeconomic conditions, when, in fact, they would be modified or eliminated as conditions changed; and (3) Defendants had "good visibility" into customer demand when, in fact, demand could be reduced on short notice, even where LTSAs were in effect. *Id.* As a result of the foregoing, Defendants' positive statements about onsemi's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis. *Id.*

Notwithstanding Defendants' assurances, before the market opened on October 30, 2023, investors began to learn the truth about the purported benefits of the Company's LTSA strategy and the achievability of projected revenue from the Company's products subject to LTSAs, when onsemi announced its third quarter 2023 financial results. ¶ 6. During the investor earnings call held that day, Defendant El-Khoury disclosed to investors that the Company was "taking a very cautious approach" with its SiC products due to signs of a weakening demand in the Company's automotive business segment (which generates between 75% and 90% of the Company's SiC revenues), while also revealing that the Company would miss its $1 billion 2023 SiC revenue target by approximately $200 million. *Id.* Defendant El-Khoury claimed that the approximately 20% reduction in the Company's expected SiC revenue was solely attributable to one customer

3

(identified by many analysts as Tesla, Inc.). *Id.* Defendant Trent added, however, that the Company expects "greater sequential declines in industrial and other end markets" as well. *Id.*

In response to this news, the price of onsemi common stock declined $18.18 per share, or nearly 22%, from a close of $83.52 per share on October 27, 2023, to close on October 30, 2023 at $65.34 per share. ¶ 7.

## NATURE AND STAGE OF THE PROCEEDINGS

On December 13, 2023, the *Hubacek* Action was filed in this Court against the Defendants. The *Hubacek* Action asserts claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, on behalf of the Class who were damaged thereby. The *Hubacek* Action is in the preliminary stages of litigation and requires the appointment of a lead plaintiff and lead counsel.

## ARGUMENT

### I.      THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.            The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons

who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. § 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1. Movant is Willing to Serve as Class Representative

On December 13, 2023, plaintiff's counsel in the first-filed Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against onsemi and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the

Action.[4] Movant has reviewed a complaint filed in the pending Action and has timely filed his motion pursuant to the Notice.

### 2. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Farnan Decl., Exhibits A and B. The movant with the largest financial interest who also makes *a prima facie* showing of the typicality and adequacy requirements under Rule 23 is presumptively the lead plaintiff. *See Weltz v. Freeman*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001); *Vandevelde v. China Nat. Gas, Inc.*, 277 F.R.D. 126, 132 (D. Del. 2011).

During the Class Period, Movant purchased onsemi shares in reliance upon the materially false and misleading statements issued by the defendants, and was injured thereby. Movant suffered a substantial loss of approximately $186,715.00 as a result. *See* Farnan Decl., Exhibit B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### B. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

---

[4] The *Hubacek* Action was filed in this Court on December 13, 2023. On that same day, the Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Farnan Decl., Exhibit C.

6

requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23.

With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Vandevelde*, 277 F.R.D. at 132; *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.*, 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz*, 199 F.R.D. at 133 (considering only typicality and adequacy on a motion as lead plaintiff); *see also In re Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Weinberg*, 216 F.R.D. at 252.

Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.*; *Chao Sun v. Han*, 2015 U.S. Dist. LEXIS 64060, at *6 (D.N.J. May 14, 2015) (limiting analysis to typicality and adequacy and "defer[ring] examination of the remaining requirements until…class certification"); *Blake Partners, Inc. v. Orbcomm, Inc.*, 2008 U.S. Dist. LEXIS 43061, at *19 (D.N.J. June 2, 2008); *Weltz*, 199 F.R.D. at 133; *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

7

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as lead plaintiff.

### 1.      Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (1) he suffered the same injuries as the absent class members; (2) he suffered as a result of the same course of conduct by the defendants; and (3) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 401 (D. Del. 2014) (typicality satisfied as long as claims are not "markedly different" from circumstances of and theories relied on by the class); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"); *see also In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 414-415 (D.N.J. Oct. 22, 1998). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).[5]

In this case, the typicality requirement is met because the Movant's claims are identical to and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired onsemi common stock during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of

---

[5] Although not relevant for the purposes of this Motion, a finding of typicality frequently supports a finding of commonality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

the Class because he suffered losses similar to those of other Class members and his losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also OFI Risk Arbitrages*, 63 F. Supp. 3d at 401; *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### 2. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Drexel Burnham*, 960 F.2d at 291; *Blake Partners, Inc.*, 2008 U.S. Dist. LEXIS 43061 at *21; *OFI Risk Arbitrages*, 63 F. Supp. 3d at 401 (adequacy satisfied where movants have incentive to vigorously prosecute claims and have no conflicts with proposed class).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with the Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 30 years. He resides in Sparks, Nevada, and possesses a college degree in accounting. Movant is currently employed as corporate director of information technology at Peppermill Casinos, Inc. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Farnan Decl., Ex. D, Movant's Declaration in support of his motion.

## II.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as proposed Lead Counsel for the Class and Farnan as the proposed Liaison Counsel. The members of Levi & Korsinsky and Farnan have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* Farnan Decl. Exhibits E, F (the firm résumés of Levi & Korsinsky and Farnan).

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant

10

as Lead Plaintiff for the Class; (2) approve Levi & Korsinsky as Lead Counsel and Farnan as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: February 12, 2024                          Respectfully Submitted,

**FARNAN LLP**

By: */s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
        mfarnan@farnanlaw.com

*Liaison Counsel for Jeffery S. Lew and*
*[Proposed] Lead Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jeffery S. Lew and*
*[Proposed] Lead Counsel for the Class*

11