IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIP R. HUBACEK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ON SEMICONDUCTOR CORPORATION, HASSANE EL-KHOURY, THAD TRENT, and SIMON KEETON,<br><br>Defendants. | C.A. No.  1:23-cv-01429-GBW<br><br>Hon. Judge Gregory B. Williams<br><br>CLASS ACTION |

**OPENING BRIEF IN SUPPORT OF JESSICA BERLINER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**BIELLI & KLAUDER, LLC**
Ryan M. Ernst, Esq.
1204 N. King Street
Wilmington, DE 19801
Main: (302) 803-4600
Direct: (302) 321-5411
rernst@bk-legal.com

February 12, 2024

OF COUNSEL:

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor

New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

NATURE AND STAGE OF PROCEEDINGS .........................................................3

SUMMARY OF THE ARGUMENT ........................................................................3

STATEMENT OF FACTS .........................................................................................4

ARGUMENT ...............................................................................................................8

    I.     BERLINER SHOULD BE APPOINTED LEAD PLAINTIFF ...........8

        A.    Berliner Is Willing to Serve as Class Representative ................9

        B.    Berliner Is the Most Adequate Plaintiff under the PSLRA ......10

            1.    Berliner Has the "Largest Financial Interest" in the Action........................................................................10

            2.    Berliner Otherwise Satisfies the Requirements of Rule 23 .........................................................................12

            3.    Berliner Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses.............................................................15

    II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED................................................................................16

CONCLUSION..........................................................................................................18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*,
No. 08-969, 2009 U.S. Dist. LEXIS 62572 (D. Del. June 18, 2009) ................12

*Clair v. DeLuca*,
232 F.R.D. 219 (W.D. Pa. 2005) ...................................................................11

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ......................................................11, 12, 13, 14

*In re Comverse Technology, Inc. Securities Litigation*,
No. 1:06-cv-01825 (E.D.N.Y.) .....................................................................17

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) .....................................................................16

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.)...................................................................16, 17

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
(N.D. Ill. Aug. 6, 1997)..........................................................................10, 11

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014)...........................................................13, 14

*Rubenstahl v. Philip Morris Int'l, Inc.*,
No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309
(D.N.J. Feb. 13, 2019) ...............................................................................11

*Vandevelde v. China Natural Gas, Inc.*,
277 F.R.D. 126 (D. Del. 2011) ......................................................................12

*Wigginton v. Advance Auto Parts, Inc.*,
No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661
(D. Del. Nov. 2, 2018) .................................................................................11

**Statutes**

15 U.S.C. § 78j(b) .......................................................................................................1

15 U.S.C. § 78t(a) .......................................................................................................1

15 U.S.C. § 78u-4.................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ...............................................*passim*

Securities Exchange Act of 1934 ..............................................................1, 3, 10, 13

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................*passim*

Jessica Berliner ("Berliner") respectfully submits this Opening Brief in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Berliner as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons or entities that purchased or otherwise acquired shares of ON Semiconductor Corporation ("onsemi" or the "Company") common stock between May 1, 2023, and October 27, 2023, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff Berliner's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Bielli & Klauder, LLC ("Bielli & Klauder") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors who purchased or otherwise acquired shares of onsemi common stock during the Class Period in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting onsemi's business and operations. *See* Action, D.I. No. 1 (the "Complaint") ¶¶ 1-8. onsemi investors, including Berliner, incurred significant losses arising from a disclosure on

1

October 30, 2023, regarding weakening demand for onsemi's products and the Company's inability to meet its own revenue target, which caused a significant decline in the value of shares of onsemi common stock. *See id.* ¶¶ 2-8.

Under the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   Berliner believes that she should benefit from a rebuttable presumption arising from her having the largest financial interest in this Action. During the Class Period, Berliner purchased 700 shares of onsemi common stock, expended $62,844 on these purchases, retained 700 of her shares of onsemi common stock, and, as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $14,208 in connection with her Class Period purchases of onsemi common stock.  *See* Declaration of Ryan M. Ernst in Support of Motion ("Ernst Decl."), Exhibit ("Ex.") A.  Beyond her significant financial interest, Berliner also meets the applicable requirements of Rule 23 because her claims are typical of those of absent Class members and because she will fairly and adequately represent the Class's interests.

To fulfill her responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Berliner has selected Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.  These firms' attorneys are highly

experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Based on her being the "most adequate plaintiff," her significant financial interest, her satisfaction of Rule 23 requirements, and her commitment to overseeing the Action, Berliner respectfully requests that the Court enter an Order appointing Berliner as Lead Plaintiff for the Class and approving her selection of Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

## NATURE AND STAGE OF PROCEEDINGS

The Complaint filed in the Action asserts claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC on behalf of all persons or entities that purchased or otherwise acquired shares of onsemi common stock during the Class Period.  The Action is in the preliminary stages of litigation and, pursuant to the PSLRA, requires the appointment of a Lead Plaintiff and Lead Counsel.

## SUMMARY OF THE ARGUMENT

1.      The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Berliner respectfully submits that she is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because she: (1) timely filed a motion; (2) to the best of

3

her knowledge, has the largest financial interest in the relief sought by the Class; and (3) will fairly and adequately represent the interests of the Class. *See id.* § 78u-4(a)(3)(B)(iii)(I).

2.      The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).  Accordingly, Berliner respectfully requests that the Court approve her selection of Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

## STATEMENT OF FACTS

Headquartered in Scottsdale, Arizona, onsemi manufactures and sells semiconductor components for various electronic devices worldwide, including power and sensing solutions, and technologies for the electrification of the automotive industry.  Complaint ¶ 2.  Critical to the Company's long-term growth and success is its strategy to focus on the development, manufacture, and sale of a variety of products incorporating silicon carbide ("SiC").  *Id.*  A substantial portion of onsemi's SiC products are necessary components of a number of systems used in the production of electric vehicles ("EVs").  *Id.*  This matter arises from Defendants' repeated misrepresentations to investors regarding the "stability" and "visibility" of the demand for onsemi's SiC and other products, and the sustainability of onsemi's

4

revenue growth, by overstating the impact of the Company's long-term supply agreements ("LTSAs") on the achievability of its revenue streams. *Id.*

The Class Period begins on May 1, 2023, to coincide with onsemi's release of its first quarter 2023 earnings and accompanying investor earnings call with equity analysts. *Id.* ¶ 3. During that call, Defendants spoke extensively on the growth of onsemi's SiC business, and Defendant Hassane El-Khoury ("El-Khoury") (the Company's President and Chief Executive Officer, and a Company director) touted the fact that the Company has "more and more confidence" in its claim that it would reach $1 billion in annual revenue for its SiC products in 2023. *Id.* Specifically, Defendant El-Khoury explained that the Company's outlook was "actually very, very predictable," which was "the benefit that we've been talking about with the LTSAs that have us really, with our customers, align on pricing and volume through the duration of the LTSAs." *Id.*

Two weeks later, at the Company's Financial Analyst Day held on May 16, 2023, Defendants presented an even more bullish picture of the Company's prospects—particularly in SiC products for the EV industry. *Id.* ¶ 4. For example, Defendants touted that the Company had over $17 billion of LTSAs, $9 billion of which were for SiC products. *Id.* Discussing the significance of the LTSAs and directly addressing onsemi's SiC products, Defendant Thad Trent ("Trent") (the Company's Executive Vice President, Chief Financial Officer, and Treasurer)

5

emphasized the "really good visibility and tight integration into our customers," and Defendant El-Khoury touted $1 billion in target sales for SiC products in 2023. *Id.* Additionally, Defendant El-Khoury emphasized that "[w]e have established a very strong infrastructure and a very strong foundation . . . with the $1 billion in '23 and LTSAs moving forward, and we're going to sustain that." *Id.* Defendant El-Khoury further unequivocally stated that, "from the LTSA perspective, our LTSA is . . . multiyear in duration, where both volume and pricing is locked in," effectively guaranteeing that the revenues relating to the LTSAs would be achieved. *Id.*

Throughout the Class Period, Defendants continued to tout the Company's sales of SiC products, particularly to EV manufacturers. *Id.* ¶ 5. Defendant El-Khoury lauded the Company's LTSAs for the "extended visibility" and the "very, very clear view of where demand is," aiding Defendants in their ability to effectively manage changing macroeconomic conditions and sustain the Company's revenue growth targets. *Id.* Indeed, Defendants consistently disclosed increasing expected revenue figures for every new LTSA the Company had signed with customers and assured investors that the LTSAs built "a more strategic relationship and partnership" with the Company's customers. *Id.* Thus, Defendant El-Khoury told investors that, if onsemi's customers "have . . . softness in their market and they have an LTSA, we're going to get the call 6 months in advance." *Id.*

6

Notwithstanding Defendants' assurances, on October 30, 2023, before the market opened, investors began to learn the truth about the purported benefits of the Company's LTSA strategy and the achievability of projected revenue from the Company's products subject to LTSAs, when onsemi announced its third quarter 2023 financial results. *Id.* ¶ 6.  During the investor earnings call held that day, Defendant El-Khoury disclosed to investors that the Company was "taking a very cautious approach" with its SiC products due to signs of a weakening demand in the Company's automotive business segment (which generates between 75% and 90% of the Company's SiC revenues), while also revealing that the Company would miss its $1 billion 2023 SiC revenue target by approximately $200 million. *Id.*  Defendant El-Khoury claimed that the approximately 20% reduction in the Company's expected SiC revenue was solely attributable to one customer (identified by many analysts as Tesla, Inc.). *Id.*  Defendant Trent added, however, that the Company expects "greater sequential declines in industrial and other end markets" as well. *Id.*

On this news, the price of onsemi common stock plummeted $18.18 per share, or nearly 22%, from a close of $83.52 per share on October 27, 2023, to close at $65.34 per share on October 30, 2023. *Id.* ¶ 7.

The Class was significantly harmed as a result of Defendants' false and misleading statements and material omissions. *Id.* ¶ 8. During the Class Period,

7

onsemi's market capitalization value reached a high of $46.6 billion on August 1, 2023, before falling to $28.2 billion on October 30, 2023.  *Id.*

## ARGUMENT

## I.     BERLINER SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  In this case, the notice of the Action was published on December 13, 2023.  *See* Ernst Decl., Ex. B.  The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii). Berliner's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')."  *See id.* § 78u-4(a)(3)(B)(i).  Berliner is the "most adequate plaintiff" within the PSLRA's meaning and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed

the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23. *See id.* § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Berliner readily satisfies all three of these criteria and thus believes that she is entitled to the rebuttable presumption that she is the most adequate plaintiff under the PSLRA.

For all these reasons, as detailed below, Berliner respectfully urges the Court to appoint her to serve as Lead Plaintiff overseeing the Action.

### A.      Berliner Is Willing to Serve as Class Representative

On December 13, 2023, counsel for plaintiff in the Action caused the statutorily required notice (the "Notice") of this Action to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities fraud class action lawsuit had been filed against onsemi and other defendants, and advising investors in onsemi common stock that they had until February 12, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Ernst Decl., Ex. B. Berliner has filed the instant motion pursuant to the Notice and has attached a sworn Certification signed by her attesting that she is willing to serve as a Class representative and to provide testimony at deposition and trial if necessary. *See id.*, Ex. C. Accordingly, Berliner satisfies the first requirement to serve as Lead Plaintiff for the Class.

B.      **Berliner Is the Most Adequate Plaintiff under the PSLRA**

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Berliner is the "most adequate plaintiff" within the PSLRA's meaning and should thus be appointed Lead Plaintiff.

1.      **Berliner Has the "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of her knowledge, Berliner has the largest financial interest of any onsemi investor seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 U.S. Dist.

10

LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been expressly adopted by courts in the Third Circuit, and implicitly by courts in this Judicial District.  *See, e.g.*, *Clair v. DeLuca*, 232 F.R.D. 219, 227 (W.D. Pa. 2005) (expressly adopting *Lax* factors in assessing financial interest); *Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309, at *5 (D.N.J. Feb. 13, 2019) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)) (same); *Wigginton v. Advance Auto Parts, Inc.*, No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661, at *8 (D. Del. Nov. 2, 2018) (in determining financial interest, "the Court 'should consider, among other things [. . .] the approximate losses suffered by the plaintiffs'" (quoting *Cendant*, 264 F.3d at 262)).

During the Class Period, Berliner: (1) purchased 700 shares of onsemi common stock; (2) expended $62,844 on her purchases of onsemi common stock; (3) retained 700 of her shares of onsemi common stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $14,208 in connection with her Class Period transactions in onsemi common stock.  *See* Ernst Decl., Ex. A.  Berliner thus believes that she has the largest financial interest among any potential lead plaintiff movants in the Action, thereby entitling her to a rebuttable presumption that she is the "most adequate plaintiff" within the PSLRA's

11

meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that she also satisfies the requirements of Rule 23.

### 2.   Berliner Otherwise Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that they are the "most adequate plaintiff," they must also demonstrate that they "otherwise satisf[y] the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Vandevelde v. China Natural Gas, Inc.*, 277 F.R.D. 126, 132 (D. Del. 2011); *City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, No. 08-969, 2009 U.S. Dist. LEXIS 62572, at *4-5 (D. Del. June 18, 2009) ("Our inquiry here 'need not be extensive,' and 'institutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements.'" (quoting *Cendant*, 264 F.3d. at 263-65)). Berliner readily pass muster.

Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) adds that common questions must predominate over any questions affecting only individual class members and that a class action

must be superior to other available methods for fairly and efficiently adjudicating the case. *See* Fed. R. Civ. P. 23(b)(3). Here, the Complaint pleads Rule 23(a)(1) numerosity (Complaint ¶ 44), Rule 23(a)(2) common questions (*id.* ¶ 45), and Rule 23(b)(3) predominance (*id.*) and superiority (*id.* ¶ 48) in a manner common to all lead plaintiff candidates. The sufficiency of these allegations is not upset by any facts uniquely concerning Berliner.

Berliner satisfies the threshold for Rule 23(a)(3) typicality. "For typicality, the court will consider whether the factual claims or legal theories advanced by the movant[] 'are markedly different' from the claims of the class." *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 401 (D. Del. 2014) (quoting *Cendant*, 264 F.3d at 264). Berliner's claims easily meet this standard. Like other Class members, Berliner alleges that: (1) Defendants violated the Exchange Act by knowingly or recklessly making false or misleading statements of material facts and/or omitting to disclose material facts concerning onsemi; (2) Berliner and the Class members purchased shares of onsemi common stock during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions; and (3) Berliner and the Class members were damaged upon the revelation of Defendants' fraud through a corrective disclosure that drove onsemi's common stock price downward. These shared claims, which are based on the same legal

13

theories arising from the same underlying facts and course of conduct, demonstrate Berliner's typicality under Rule 23(a)(3).

Berliner also satisfies the Rule 23(a)(4) adequacy requirement. "For adequacy, the court will consider whether movants have 'the ability and incentive' to represent the class 'vigorously,' whether there are any conflicts between the movants and the class, and whether the movants have 'obtained adequate counsel,' including whether selected counsel is competent." *OFI*, 63 F. Supp. 3d at 401 (quoting *Cendant*, 264 F.3d at 265). Here, Berliner has submitted a signed Certification declaring her commitment to protect the Class's interests. *See* Ernst Decl., Ex. C. Further demonstrating her adequacy, Berliner has submitted a signed Declaration attesting to, *inter alia*, her background, her investing experience, her understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, her decision to seek appointment as Lead Plaintiff, and the steps that she is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D. Moreover, Berliner has no conflicts of interest or antagonism with the Class she seeks to represent, and her significant financial interest from her Class Period transactions in onsemi common stock demonstrates that she has a sufficient interest in the litigation's outcome to ensure vigorous advocacy. Finally, in Pomerantz and Bielli & Klauder, Berliner has retained qualified and experienced counsel. Indeed, Berliner has already demonstrated her ability to pursue securities fraud claims

14

through her choice of counsel, Pomerantz.  Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in § II., *infra*. Berliner's and Pomerantz's willingness and ability to zealously litigate the claims in the Action on behalf of the Class cannot reasonably be questioned.  In addition to Pomerantz and Bielli & Klauder, Berliner is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

### 3. Berliner Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Berliner as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Berliner's ability and desire to fairly and adequately represent the Class has been discussed above.  Berliner is not aware of any unique defenses Defendants could raise that would render her inadequate to represent the Class.  Accordingly, Berliner should be appointed Lead Plaintiff for the Class.

15

## II.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").  The Court should not interfere with the Lead Plaintiff's selection unless it is necessary to do so in order to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Berliner has selected Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Ernst Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors. *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved

16

in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

Bielli & Klauder is also well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Bielli & Klauder maintains an office in Wilmington, Delaware, the firm's attorneys specialize in litigating stockholder actions, among other practice areas, and the firm's attorneys have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District. *See id.*, Ex. F.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Berliner's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Berliner's chosen counsel, with Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel, the Class members will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Berliner respectfully requests that the Court issue an Order: (1) appointing Berliner as Lead Plaintiff for the Class; and (2) approving her selections of Pomerantz as Lead Counsel and Bielli & Klauder as Liaison Counsel for the Class.

Dated:  February 12, 2024                    Respectfully submitted,

                                             **BIELLI & KLAUDER, LLC**

                                             */s/ Ryan M. Ernst*
                                             Ryan M. Ernst, Esq. (No. 4788)
                                             1204 N. King Street
                                             Wilmington, DE 19801
                                             Main: (302) 803-4600
                                             Direct: (302) 321-5411
                                             rernst@bk-legal.com

                                             *Counsel for Lead Plaintiff Movant Jessica
                                             Berliner and Proposed Liaison Counsel for
                                             the Class*

                                             **POMERANTZ LLP**
                                             Jeremy A. Lieberman
                                             (*pro hac vice* application forthcoming)
                                             J. Alexander Hood II
                                             (*pro hac vice* application forthcoming)
                                             600 Third Avenue, 20th Floor
                                             New York, NY 10016
                                             Telephone: (212) 661-1100
                                             Facsimile: (917) 463-1044
                                             jalieberman@pomlaw.com
                                             ahood@pomlaw.com

18

*Counsel for Lead Plaintiff Movant Jessica Berliner and Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant Jessica Berliner*

19