# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIP R. HUBACEK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ON SEMICONDUCTOR CORPORATION, HASSANE EL-KHOURY, THAD TRENT, and SIMON KEETON,<br><br>Defendants. | Case No. 1:23-cv-01429-GBW |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AINUL HUDA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**PRELIMINARY STATEMENT**

Ainul Huda ("Huda") respectfully moves this Court for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of his selection of counsel on behalf of a putative class of purchasers of ON Semiconductor Corporation securities (as defined below).

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff, and provides a presumption that the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Huda believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Huda satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Huda respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Huda's selection of Glancy Prongay & Murray LLP as Lead Counsel and Phillips, McLaughlin & Hall, P.A. as Liaison Counsel for the class should be approved because GPM has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## I.    FACTUAL BACKGROUND[1]

This is a class action on behalf of all persons and entities who purchased or otherwise acquired ON Semiconductor Corporation ("onsemi" or the "Company") common stock between May 1, 2023, and October 27, 2023, inclusive (the "Class Period")

onsemi manufactures and sells semiconductor components for various electronic devices worldwide, including power and sensing solutions, and technologies for the electrification of the automotive industry. Critical to the Company's long-term growth and success is its strategy to focus on the development, manufacture, and sale of a variety of products incorporating silicon carbide ("SiC").

The complaint filed in this action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies, and failed to disclose that: (1) revenues from billions of dollars in reported long-term supply agreements ("LTSAs") were "committed" and "locked in," and were effectively certain to be obtained by the Company when, in fact, the Company could and would abrogate the LTSAs at a customer's request; (2) LTSAs provided "predictable" and "sustainable" performance to drive the Company's growth, even in tough macroeconomic conditions, when, in fact, they would be modified or eliminated as conditions changed; and (3) Defendants had "good visibility" into customer demand when, in fact, demand could be reduced on short notice, even where LTSAs were in effect; and (4) statements about the Company's business, operations, prospects, and ability to effectively manage its supply chain and production lacked a reasonable basis.

---

[1] This section is adapted from the allegations complaint filed in this action. Dkt. No. 1.

On October 30, 2023, onsemi released its third quarter 2023 financial results, revealing that the Company was "taking a very cautious approach" with its silicon carbide ("SiC") products due to signs of weakening demand and would miss its $1 billion 2023 SiC revenue target by approximately $200 million.

On this news, onsemi's stock price fell $18.18, or 21.8%, to close at $65.34 per share on October 30, 2023, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Huda and other class members have suffered significant losses and damages.

## II.    ARGUMENT

### A.    Huda Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Huda satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Huda has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Huda is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Huda respectfully submits that he should be appointed lead plaintiff.

### 1. Huda Filed a Timely Motion

On December 13, 2023, pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act, notice was published in connection with this action. *See* Declaration of John C. Phillips, Jr. ("Phillips Decl."), Exhibit ("Ex.") A. Therefore, Huda had sixty days (*i.e.*, until February 12, 2024) to file a motion to be appointed as Lead Plaintiff. As a purchaser of onsemi shares during the Class Period, Huda is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Huda attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class.

4

*See* Phillips Decl., Ex. B. Accordingly, Huda satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.    Huda Has the Largest Financial Interest

The PSLRA requires a court adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Huda believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Huda purchased onsemi shares during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $ $13,801.61. *See* Phillips Decl., Ex. C. To the best of his knowledge, Huda is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Huda believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3.    Huda Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

5

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the relevant inquiry is whether the movant has made a *prima facie* showing of typicality and adequacy. *See Wigginton v. Advance Auto Parts, Inc.*, No. 18-cv-212, 2018 WL 5729733, at *4 (D. Del. Nov. 2, 2018).

### a)      Huda's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Merck & Co., Inc. Sec.*, No. 05-cv-1151, 2013 WL 396117, at *5 (D.N.J. Jan. 30, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members.  *Id*. at *7; *see also Wigginton*, 2018 WL 5729733, at *4.

Huda's claims are typical of the claims asserted by the proposed class. Like all members of the class, Huda alleges that Defendants' material misstatements and omissions concerning onsemi's business, operations, and financial prospects violated the federal securities laws. Huda, like all members of the class, purchased onsemi shares in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Huda's interests and claims are "typical" of the interests and claims of the class.

### b)      Huda Is an Adequate Representative

The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Wigginton*, 2018 WL 5729733, at *4;

*see also In re Pharmaprint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 WL 31056813, at \*6 (D.N.J. Apr. 17, 2002).

Huda resides in San Diego, California, and has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action. Huda's financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Phillips Decl., Ex. C. Huda is also not aware of any conflict between his claims and those asserted on behalf of the class.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel." *Wigginton*, 2018 WL 5729733, at \*6 (quoting *Cendant*, 264 F.3d at 276). Here, Huda has selected Glancy Prongay & Murray LLP as lead counsel and Phillips, McLaughlin & Hall, P.A. as liaison counsel. GPM has successfully prosecuted numerous securities class actions on behalf of injured investors. As reflected by the firm's résumé, *see* Phillips Decl., Ex. D, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Huda's selection of counsel.

**III.      CONCLUSION**

For the foregoing reasons, Huda respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Ainul Huda as lead plaintiff; (2) approving Huda's selection of Glancy Prongay & Murray LLP as lead counsel and Phillips, McLaughlin & Hall, P.A. as liaison counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

DATED: February 12, 2024

Respectfully submitted,

**PHILLIPS, MCLAUGHLIN & HALL, P.A.**

By: _/s/ John C. Phillips, Jr._
John C. Phillips, Jr. (No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
Email: JCP@PMHDELaw.com

_Liaison Counsel for Lead Plaintiff Movant Ainul
Huda and Proposed Liaison Counsel for the Class_

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com
            clinehan@glancylaw.com

_Counsel for Lead Plaintiff Movant Ainul Huda and
Proposed Lead Counsel for the Class_

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

_Additional Counsel_

8