# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIP R. HUBACEK, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>ON SEMICONDUCTOR CORPORATION, HASSANE EL-KHOURY, THAD TRENT, and SIMON KEETON,<br><br>     Defendants. | Case No.: 23-cv-1429-GBW |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF JEFFERY S. LEW FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Dated: February 26, 2024

Adam M. Apton
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel. (212) 363-7500
Fax: (212) 363-7500
Email: aapton@zlk.com

*Lead Counsel for Jeffrey S. Lew and*
*[Proposed] Lead Counsel for the Class*

Brian E. Farnan (No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Liaison Counsel for Jeffrey S. Lew and*
*[Proposed] Liaison Counsel for the Class*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ..................................................................................................................... 3

    I.    The PSLRA Process for Selecting a Lead Plaintiff ............................................. 3

        A.    Mr. Lew Has the "Largest Financial Interest" ................................................. 4

        B.    Mr. Lew Otherwise Satisfies the Requirements of Rule 23 ............................. 5

CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*In re Cendant Corp. Litigation*,
264 F.3d 201 (3d Cir. 2001) ...................................................................................... 1, 2, 4, 6

*Lax v. First Merch. Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997)................................. 1

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ........................................................................................ 3, 5

*In re Nice Sys. Sec. Litig.*,
188 F.R.D. 206 (D.N.J. 1999)............................................................................................... 1

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014)........................................................................................ 3

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................... 1

*Patel v. Zoompass Holdings, Inc.*,
No. 17-3831, 2017 U.S. Dist. LEXIS 1537653 (D.N.J. Sept. 20, 2017) ................................... 4

*In re Pharmaprint, Inc. Sec. Litig.*,
No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845 (D.N.J. Apr. 17, 2002).......................... 3, 5, 6

*Roby v. Ocean Power Techs., Inc.*,
Nos. 14-CV-3799 FLW LHG, et al., 2015 U.S. Dist. LEXIS 42388 (D.N.J. Mar. 17, 2015) 2, 4

*Smith v. Antares Pharma, Inc.*,
Civil Action No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964 (D.N.J. July 27,
2018) ...................................................................................................................................... 4

*Soto v. Hensler*,
235 F. Supp. 3d 607 (D. Del. 2017)................................................................................... 1, 4

*In re Vonage Initial Pub. Offering Secs. Litig.*,
No. 7-177, 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 6, 2007)........................................... 2

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23................................................................................................... 1, 2, 5, 6

Movant Jeffery S. Lew ("Mr. Lew") respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff and approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel and Farnan LLP ("Farnan") as liaison counsel for the class (D.I. 4); and in opposition to the competing motions of Jessica Berliner ("Berliner") (D.I. 5) and Ainul Huda ("Huda") (D.I. 10).

## PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934 (the "Exchange Act"). It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under the Federal Rules of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Mr. Lew is the "most adequate plaintiff" because he is the movant with the largest financial interest that also satisfies the typicality and adequacy prongs of Rule 23.

The Third Circuit "agree[s] with the many district courts that have held that courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *In re Cendant Corp. Litigation*, 264 F.3d 201, 262 (3d Cir. 2001) (citing *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at \*17 (N.D. Ill. Aug. 11, 1997), *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999), and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). District courts in this Circuit typically agree that the most important and outcome-determinative factor in the analysis for appointment of a lead plaintiff is the "approximate losses suffered." *See Soto v. Hensler*, 235 F. Supp. 3d 607, 615 (D. Del. 2017) (stating that "[c]ourts in [the Third

Circuit] have afforded [the approximate losses suffered] the most weight" when determining financial interest) (citing *Roby v. Ocean Power Techs., Inc.*, Nos. 14-CV-3799 FLW LHG, et al., 2015 U.S. Dist. LEXIS 42388, at *14 (D.N.J. Mar. 17, 2015)); *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 7-177, 2007 U.S. Dist. LEXIS 66258, at *16 (D.N.J. Sept. 6, 2007) (citing cases).

As the following table demonstrates, Mr. Lew possesses the largest financial interest in the Action under all factors:

| Movant | Net Shares Purchased | Net Funds Expended | Approximate Loss |
|---|---|---|---|
| Jeffrey S. Lew | 10,000 | $930,000.00 | $186,715.00 |
| Jessica Berliner | 700 | $62,843.89 | $14,208.00 |
| Ainul Huda | 550 | $57,237.00 | $13,801.61 |

*See* D.I. 8-1; 9-2; and 12-3.

Mr. Lew's loss is significantly greater than the other two movants. As such, there can be no dispute that Mr. Lew holds the "largest financial interest" in the Action, and is, therefore presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). The other movants cannot rebut the statutory "lead plaintiff" presumption in Mr. Lew's favor.

Once the Court identifies the movant with the largest financial interest in the relief sought by the class, "it should then turn to the question whether that movant 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,' and is thus the presumptively most adequate plaintiff." *Cendant*, 264 F.3d at 263-64 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc)). The movant must demonstrate "a *prima facie* showing of typicality and adequacy." *Id*. Mr. Lew has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. Mr. Lew is typical of the other class members insofar as he acquired shares of ON Semiconductor Corporation ("onsemi" or the "Company") common stock between May 1, 2023, and October 27, 2023,

inclusive (the "Class Period") at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations or omissions. *See In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 152 (D. Del. 2005). Mr. Lew is also an adequate class representative. First, he is unaware of any conflict between his interests and those of the class. Second, his losses incurred as a result of the alleged fraud give him a sufficient stake in the outcome of this Action to ensure vigorous advocacy. And lastly, Mr. Lew has shown that his choices of counsel, Levi & Korsinsky and Farnan, are qualified, experienced, and able to conduct the litigation. This will ensure his vigorous and adequate prosecution of the class's claims. *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 401 (D. Del. 2014); *In re Pharmaprint, Inc. Sec. Litig.,* No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at *16-17 (D.N.J. Apr. 17, 2002).

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Lew is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the two other movants cannot rebut this presumption with proof that Mr. Lew is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Lew respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## **ARGUMENT**

### I.    **The PSLRA Process for Selecting a Lead Plaintiff**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality

3

and adequacy requirements. *See Cendant*, 264 F.3d 201, 264 (finding that at this stage the Rule 23 inquiry "need not be extensive"). Once this presumption is triggered, it can only be rebutted upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the class— whether another movant might somehow better protect the interests of the class is irrelevant. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representative is Mr. Lew.

### A.  Mr. Lew Has the "Largest Financial Interest"

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Lew is entitled to that presumption because, relative to the other movants, Mr. Lew's losses are far greater. The Third Circuit has held that "district courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Cendant*, 264 F.3d at 262.

District Courts in this Circuit have recognized that the amount of financial loss is the most significant factor to be considered. *See Soto*, 235 F. Supp. at 615 (stating that "[c]ourts in [the Third Circuit] have afforded [the approximate losses suffered] the most weight" when determining financial interest) (citing *Roby*, 2015 U.S. Dist. LEXIS 42388, at *14); *In re Vonage*, 2007 U.S. Dist. LEXIS 66258, at *16 (citing cases); *Smith v. Antares Pharma, Inc.*, Civil Action No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *5 (D.N.J. July 27, 2018) ("The most critical among these factors is the approximate loss suffered.") *(quoting Patel v. Zoompass Holdings, Inc.*, No. 17-3831, 2017 U.S. Dist. LEXIS 153765, at *3 (D.N.J. Sept. 20, 2017)). In this instance, Mr. Lew is the movant with the largest loss under all factors compared to the other movants, including the most important factor, approximate loss suffered.

4

| Movant | Net Shares Purchased | Net Funds Expended | Approximate Loss |
|---|---|---|---|
| Jeffrey S. Lew | 10,000 | $930,000.00 | $186,715.00 |
| Jessica Berliner | 700 | $62,843.89 | $14,208.00 |
| Ainul Huda | 550 | $57,237.00 | $13,801.61 |

*See* D.I. 8-1; 9-2; and 12-3.

As compared to the movant with the next largest financial interest, Berliner, Mr. Lew expended over $867,156 more, lost over $172,507 more, and purchased over 14 times more net shares. In fact, Mr. Lew lost more money than the two opposing movants spent on their onsemi shares combined. Accordingly, Mr. Lew has the largest financial interest in this matter.

### B.  Mr. Lew Otherwise Satisfies the Requirements of Rule 23

Not only does Mr. Lew possess the largest financial interest of all movants, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Mr. Lew's claims are typical of other class members because, like all members of the class, he purchased onsemi common stock at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. He suffered substantial losses as a result of these purchases and seeks to recover those losses under the same legal theory as the class generally. *See PharmaPrint*, 2002 U.S. Dist. LEXIS 19845, at *16 ("'The representative parties' claims are generally found to be typical if they arise from the same course of conduct that gives rise to the claims of the other class members and if the claims are based on the same legal theory.'"). These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3). *See, e.g., Molson Coors Brewing Co.*, 233 F.R.D. at 152.

Mr. Lew has also demonstrated his adequacy to serve as lead plaintiff. To satisfy the adequacy requirement at this stage of the proceedings, Mr. Lew must make a preliminary showing that his interests are clearly aligned with the members of the putative class and whether there is

5

evidence of any antagonism between his interests and other members of the class. 15 U.S.C. § 78u-4(a)(3)(B). As detailed in his opening brief, Mr. Lew has no conflicts with other class members. *See* D.I. 6. Not only is there no evidence of any antagonism between Mr. Lew's interests and those of the class, but Mr. Lew has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *See* D.I.. 9-2 (Loss Calculation Chart of Mr. Lew). In addition, by submitting a signed Certification attesting to his commitment to protecting the interests of the class, Mr. Lew has demonstrated that he "has the ability and incentive to represent the claims of the class vigorously". *Cendant*, 264 F.3d at 265 (internal quotations and citations omitted). Mr. Lew has also shown that his choices of counsel, Levi & Korsinsky and Farnan, are qualified, experienced, and able to conduct the litigation. *See* D.I. 9-5 and 9-6 (Firm Resumes). This will ensure his vigorous and adequate prosecution of the class's claims. *See PharmaPrint*, 2002 U.S. Dist. LEXIS 19845, at *16-17.

Finally, Mr. Lew has further demonstrated his adequacy by attesting that he is ready, willing, and able to take on the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* D.I. 9-1 and 9-4 (PSLRA Certification & Mr. Lew's Declaration). In the declaration, Mr. Lew provided his place of residency, educational background, and employment. *Id*. Mr. Lew resides in Sparks, Nevada, and considers himself to be an experienced investor, having been investing in securities for thirty years. *Id.* Mr. Lew has a college degree in accounting and currently works as a corporate director of information technology at Peppermill Casinos, Inc. *Id.*

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Action of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Lew has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to

6

become the "most adequate plaintiff"). Mr. Lew, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Lew 's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Lew "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II). To overcome the strong presumption entitling Mr. Lew to appointment as lead plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## CONCLUSION

Mr. Lew has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Lew respectfully requests that the Court appoint him as lead plaintiff approve his selection of counsel, and grant such other relief as the Court may deem just and proper.

Dated: February 26, 2024

Respectfully submitted,

**FARNAN LLP**

By: */s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
          mfarnan@farnanlaw.com

*Liaison Counsel for Jeffery S. Lew and*
*[Proposed] Lead Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton

7

(*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jeffery S. Lew and*
*[Proposed] Lead Counsel for the Class*

8