David B. Rosenbaum (009819)
Joseph N. Roth (025725)
Alexandria N. Karpurk (037029)
OSBORN MALEDON PA
2929 N. Central Ave., Ste. 2000
Phoenix, Arizona 85012
(602) 640-9000
drosenbaum@omlaw.com
jroth@omlaw.com
akarpurk@omlaw.com

Mark R.S. Foster (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
(650) 470-4500
Mark.Foster@skadden.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey S. Lew, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ON Semiconductor Corporation; Hassane El-Khoury; and Thad Trent,<br><br>Defendants. | **CLASS ACTION**<br><br>CASE NO.: 2:24-cv-00594-SMB<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |

Defendants ON Semiconductor Corporation ("onsemi"), Hassane El-Khoury, and Thad Trent (collectively, "Defendants"), by and through their counsel of record, respectfully request that the Court consider Exhibits 1 through 15 to the Declaration of Mark R.S. Foster ("Foster Declaration") submitted concurrently herewith, in connection with Defendants' Motion to Dismiss the Amended Complaint ("Motion").

For the reasons set forth below, Exhibits 1 through 15 may be properly considered by the Court in connection with Defendants' Motion because each is either (i) incorporated by reference in, and integral to, the Amended Complaint (the "AC") (Ex. 1-4, 6-13), and/or (ii) subject to judicial notice under Rule 201 of the Federal Rules of Evidence (Ex. 1-15).

In evaluating motions to dismiss complaints governed by the Private Securities Litigation Reform Act's heightened pleading standards, courts will "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).[1]  Defendants thus respectfully request that the Court consider Exhibits 1 through 15 to the Foster Declaration because each exhibit is either incorporated by reference in the AC, subject to judicial notice, or both.

I.    **THE COURT SHOULD CONSIDER EXHIBITS 1-4 AND 6-13 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE AC**

A document may be incorporated by reference in a complaint if the plaintiff relies on the document to form the basis of his claim.  *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Id.* (quoting *Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092 (E.D.Wash. 2013)); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding that a court may "take into account documents whose

_____

[1]    All brackets, original alterations, footnotes, and internal quotation marks are omitted.

1

REQUEST FOR JUDICIAL NOTICE                                    2:24-CV-00594-SMB

contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading"). Courts take notice of the entire document so as not to allow a plaintiff to "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").

In cases alleging securities fraud, courts routinely find that documents cited in the complaint, or containing the alleged misrepresentations challenged by the plaintiff, are incorporated by reference into the complaint. *See Khoja*, 899 F.3d at 1004 (holding that a blog post, quoted once in the complaint, "form[ed] the basis of" plaintiff's misrepresentation claim because securities analysts allegedly relied on the blog post to write reports); *see also Hutton v. McDaniel*, 264 F. Supp. 3d 996, 1007-08 (D. Ariz. 2017) (incorporating by reference proxy statements, board meeting minutes, and inspection forms cited in the complaint).

Here, the AC incorporates by reference all of the exhibits described below. Each exhibit is either extensively relied on by Plaintiff, or forms the basis of Plaintiff's claims because they contain the alleged misrepresentations challenged by Plaintiff, or both. Moreover, Plaintiff cannot reasonably challenge the authenticity of Exhibits 1-4 and 6-13, given that he relies on all of them in the AC. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

Accordingly, Defendant respectfully requests that the Court take judicial notice of the following exhibits based on the incorporation by reference doctrine:

2

REQUEST FOR JUDICIAL NOTICE                                    2:24-CV-00594-SMB

| Exhibit | Title | Date | AC ¶ Cite |
|---|---|---|---|
| 1 | 2023 onsemi Form 10-K | Feb. 5, 2024 (date filed) | ¶ 127, ¶ 129, ¶¶ 131-32, ¶ 237 |
| 2 | 2022 onsemi Form 10-K | Feb. 6, 2023 (date filed) | ¶ 48, ¶ 74, ¶ 86, ¶ 108, ¶ 132, ¶ 134, ¶ 237 |
| 3 | onsemi Q3 2023 Earnings Call Transcript | Oct. 30, 2023 | ¶ 9, ¶ 80(c), ¶ 80(e), ¶ 84(d), ¶ 87(c)-(d), ¶¶ 117-19, ¶ 122, ¶ 142, ¶ 199 |
| 4 | UBS Equities Analyst Report – onsemi Big Step Back In Confidence | Oct. 30, 2023 | ¶ 124, ¶ 203, ¶ 80, ¶ 82, ¶ 84, ¶ 87, ¶ 90, ¶ 93, ¶ 95, ¶ 98, ¶ 100, ¶ 103, ¶ 106, ¶ 109, ¶ 112, ¶118, ¶ 215 |
| 6 | onsemi Q2 2023 Form 10-Q | July 31, 2023 (date filed) | ¶¶ 101-03, ¶ 237 |
| 7 | Q1 2023 Earnings Call Transcript | May 1, 2023 | ¶¶ 78-79, ¶ 81, ¶ 83, ¶ 85, ¶ 146 (Chart) |
| 8 | 2023 Citi Global Technology Conference Transcript | Sept. 7, 2023 | ¶ 113, ¶ 114, ¶ 171 |
| 9 | 2023-05-17 El-Khoury SEC Form 4 | May 17, 2023 (date filed) | ¶ 188(a) |
| 10 | 2023-06-09 El-Khoury SEC Form 4 | June 9, 2023 (date filed) | ¶ 188(b) |
| 11 | 2023-06-20 El-Khoury SEC Form 4 | June 20, 2023 (date filed) | ¶ 188(c) |
| 12 | 2023-07-20 El-Khoury SEC Form 4 | July 20, 2023 (date filed) | ¶ 188(d) |
| 13 | JPMorgan 21st Annual Tech-Auto Forum Transcript | Jan. 5, 2023 | ¶¶ 72-73, ¶ 135, ¶ 146 (Chart), ¶ 147 |

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF FINANCIAL DOCUMENTS, INCLUDING SEC FILINGS, TRANSCRIPTS OF EARNINGS CALLS, AND THE COMPANY'S STOCK PRICE HISTORY

Courts routinely "take judicial notice of publicly available financial documents, such as SEC filings, earnings call transcripts, and a company's reported stock price history." *Bajjuri v. Raytheon Techs. Corp.*, 641 F. Supp. 3d 735, 745 (D. Ariz. 2022) (taking judicial notice of several SEC filings, two earnings call transcripts, and a month and a half of stock price history); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064

3

n.7 (9th Cir. 2008) (notice of "reported stock price history and other publicly available financial documents, including a number of Corinthian's SEC filings . . . was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (a court "may consider . . . any matter subject to judicial notice, such as SEC filings"); *Hutton*, 264 F. Supp. 3d at 1008 (D. Ariz. 2017) (courts "routinely take judicial notice of such things as public SEC filings").

Accordingly, Defendants respectfully request that the Court take judicial notice of the following publicly available financial documents and information:

*First,* Defendants request that this Court take notice of the four Form 4 filings that correspond with the transactions listed in paragraph 188 of the AC. Courts accept Form 4s to demonstrate that trades made pursuant to a trading plan do not raise an inference of scienter. *See, e.g.*, *Jasin v. Vivus, Inc.*, 2016 WL 1570164, at *3 n.3, *20 (N.D. Cal. Apr. 19, 2016), *aff'd*, 721 F. App'x 665 (9th Cir. 2018) (taking judicial notice of seven SEC filings and relying on Form 4s to show that trades made pursuant to a trading plan were not discretionary); *In re Copper Mt. Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking notice of several Form 4s). The relevant Form 4s (all of which are also incorporated by reference in the AC, as discussed *supra*) are as follows:

| Exhibit | Title | SEC Filing Date | Transaction Date |
|---|---|---|---|
| 9 | 2023-05-17 El-Khoury SEC Form 4 | May 17, 2023 | May 15, 2023 |
| 10 | 2023-06-09 El-Khoury SEC Form 4 | June 9, 2023 | June 7, 2023 |
| 11 | 2023-06-20 El-Khoury SEC Form 4 | June 20, 2023 | June 15, 2023 |
| 12 | 2023-07-20 El-Khoury SEC Form 4 | July 20, 2023 | July 18, 2023 |

*Second*, in addition to the SEC forms cited above, Defendants request that this Court take notice of the statements in the Form 10-Q that it filed on October 30, 2023:

| Exhibit | Title | SEC Filing Date |
|---|---|---|
| 14 | onsemi Q3 2023 Form 10-Q | October 30, 2023 |

REQUEST FOR JUDICIAL NOTICE                                    2:24-CV-00594-SMB

***Third***, Defendants request that the Court take judicial notice of the contents of **Exhibit 5**, which is a transcript of onsemi's Q4 2023 earnings call on February 24, 2024. Courts regularly "take judicial notice of publications introduced to indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendant[]"); *Hutton*, 264 F. Supp. 3d at 1008 (D. Ariz. 2017) (taking judicial notice of a press release not cited in the complaint; noting that courts "routinely take judicial notice of such things as public SEC filings, corporate press releases, and court proceedings"); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (taking judicial notice of defendants' public disclosures to Google users for purpose of demonstrating what Google had disclosed at the time).

Earnings calls transcripts are among the publicly available documents that can be judicially noticed. *See, e.g.*, *Bajjuri*, 641 F. Supp. 3d at 745; *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143-44 (C.D. Cal. 2018) (taking judicial notice of two separate earnings call transcripts which were not cited in the complaint). Given that **Exhibit 5** is a publicly available transcript of an earnings call, Defendants respectfully request that the Court take judicial notice of its contents.

***Fourth***, Defendants also request that the Court take notice of **Exhibit 15**, which lists onsemi's stock price history from April 3, 2023 through April 15, 2024. This information was downloaded from Yahoo! Finance and is publicly available. Courts routinely take notice of stock price history. *See Metzler*, 540 F.3d at 1064 n.7; *Bajjuri*, 641 F. Supp. 3d at 745. Given that onsemi's stock prices are not subject to reasonable dispute, Defendants respectfully request that the Court take judicial notice of the contents of **Exhibit 15**.

## CONCLUSION

Upon proper notice, the Court is required to take judicial notice of certain exhibits. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and

REQUEST FOR JUDICIAL NOTICE                              2:24-CV-00594-SMB

the court is supplied with the necessary information."). Here, Defendants have requested judicial notice of Exhibits 1-15 and furnished the Court with the necessary information.

Consequently, Defendants respectfully request that the Court consider Exhibits 1-15 to the Foster Declaration, which are filed concurrently herewith.

DATED this 30th day of July, 2024.

OSBORN MALEDON, P.A.

By s/David B. Rosenbaum
   David B. Rosenbaum
   Joseph N. Roth
   Alexandria N. Karpurk
   2929 North Central Avenue, Suite 2000
   Phoenix, Arizona 85012

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
   Mark R.S. Foster
   525 University Avenue
   Palo Alto, California 94301

*Attorneys for Defendants*

6