David B. Rosenbaum (009819)
Joseph N. Roth (025725)
Alexandria N. Karpurk (037029)
OSBORN MALEDON PA
2929 N. Central Ave., Ste. 2000
Phoenix, Arizona 85012
(602) 640-9000
drosenbaum@omlaw.com
jroth@omlaw.com
akarpurk@omlaw.com

Mark R.S. Foster (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
(650) 470-4500
Mark.Foster@skadden.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey S. Lew, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ON Semiconductor Corporation; Hassane El-Khoury; and Thad Trent,<br><br>Defendants. | **CLASS ACTION**<br><br>CASE NO.: 2:24-cv-00594-SMB<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants ON Semiconductor Corporation ("onsemi"), Hassane El-Khoury, and Thad Trent (collectively, "Defendants"), by and through their counsel of record, respectfully request that the Court consider Exhibits 1 through 12 to the Declaration of Mark R.S. Foster ("Foster Declaration") submitted concurrently herewith, in connection with Defendants' Motion to Dismiss the Second Amended Complaint (the "Motion").[1]

For the reasons set forth below, Exhibits 1 through 12 may be properly considered by the Court in connection with Defendants' Motion because each is either (i) incorporated by reference in, and integral to, the Second Amended Complaint (the "SAC") (Ex. 1-8), and/or (ii) subject to judicial notice under Rule 201 of the Federal Rules of Evidence (Ex. 1-12).

Securities class actions involve consideration of public disclosures that need to be considered "in context" so that the challenged statements are given a "fair reading." *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024). In evaluating motions to dismiss complaints governed by the Private Securities Litigation Reform Act's heightened pleading standards, courts will "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).[2] Defendants thus respectfully request that the Court consider Exhibits 1 through 12 to the Foster Declaration because each exhibit is either incorporated by reference in the AC, subject to judicial notice, or both.

## I.    THE COURT SHOULD CONSIDER EXHIBITS 1-8 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE SAC

A document may be incorporated by reference in a complaint if the plaintiff relies on the document to form the basis of his claim. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). "Once a document is deemed incorporated by reference,

---

[1] This Request for Judicial Notice incorporates all defined terms and abbreviations from the Motion's Table of Abbreviations. (Mot. at v.)

[2] All brackets, original alterations, footnotes, and internal quotation marks are omitted.

the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Id.* (quoting *City of Roseville Emps. Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding that a court may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading"). Courts take notice of the entire document so as not to allow a plaintiff to "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").

In cases alleging securities fraud, courts routinely find that documents cited in the complaint, or containing the alleged misrepresentations challenged by the plaintiff, are incorporated by reference into the complaint. *See id.* at 1004 (holding that a blog post, quoted once in the complaint, "form[ed] the basis of" plaintiff's misrepresentation claim because securities analysts allegedly relied on the blog post to write reports); *see also Hutton v. McDaniel*, 264 F. Supp. 3d 996, 1007-08 (D. Ariz. 2017) (incorporating by reference proxy statements, board meeting minutes, and inspection forms cited in the complaint).

Here, the SAC incorporates by reference all of the exhibits described below. Each exhibit is either extensively relied on by Plaintiff, or forms the basis of Plaintiff's claims because they contain the alleged misrepresentations challenged by Plaintiff, or both. Moreover, Plaintiff cannot reasonably challenge the authenticity of Exhibits 1-8, given that he relies on all of them in the SAC. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the

2

contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

Accordingly, Defendant respectfully requests that the Court take judicial notice of the following exhibits based on the incorporation by reference doctrine:

| Exhibit | Title | Date | SAC ¶ Cite |
|---|---|---|---|
| 1 | 2023 onsemi Form 10-K | Feb. 5, 2024 (date filed) | ¶¶ 125-26 |
| 2 | 2022 onsemi Form 10-K | Feb. 6, 2023 (date filed) | ¶¶ 49-50, ¶ 102; ¶¶125-26; ¶ 131 |
| 3 | onsemi Q3 2023 Earnings Call Transcript | Oct. 30, 2023 | ¶ 79, ¶ 82, ¶ 85, ¶¶ 88-91, ¶ 93, ¶ 94, ¶ 98, ¶ 111, ¶ 141, ¶¶ 147-49, ¶¶ 152-53 |
| 4 | UBS Equities Analyst Report – onsemi Big Step Back In Confidence | Oct. 30, 2023 | ¶ 79, ¶ 82, ¶ 85, ¶ 88, ¶ 92, ¶ 96, ¶ 98, ¶ 148, ¶ 152, ¶ 164 |
| 5 | JPMorgan 21st Annual Tech-Auto Forum Transcript | Jan. 5, 2023 | ¶ 65, ¶¶ 80-82, ¶ 103, ¶ 116 (Chart), ¶ 140 |
| 6 | Q1 2023 Earnings Call Transcript | May 1, 2023 | ¶¶ 77-79, ¶ 116 (Chart) |
| 7 | onsemi Analyst/Investor Day Conference Transcript | May 16, 2023 | ¶ 69, ¶ 94, ¶ 116 (Chart), ¶ 134 |
| 8 | 2023 Citi Global Technology Conference Transcript | Sept. 7, 2023 | ¶¶ 86-88, ¶ 116 (Chart), ¶ 140 |

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF FINANCIAL INFORMATION, SEC FILINGS, TRANSCRIPTS OF EARNINGS CALLS, ANALYST REPORTS, AND COMPANY STOCK PRICE HISTORY

Exhibits 1 through 8 are also independently subject to judicial notice.  Courts routinely "take judicial notice of publicly available financial documents, such as SEC filings, earnings call transcripts, and a company's reported stock price history."  *Bajjuri v. Raytheon Techs. Corp.*, 641 F. Supp. 3d 735, 745 (D. Ariz. 2022) (taking judicial notice of several SEC filings, two earnings call transcripts, and a month and a half of stock price history); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (notice of "reported stock price history and other publicly available financial documents, including a number of Corinthian's SEC filings . . . was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d

942, 946 n.2 (9th Cir. 2006) (a court "may consider . . . any matter subject to judicial notice, such as SEC filings"); *Hutton*, 264 F. Supp. 3d at 1008 (D. Ariz. 2017) (courts "routinely take judicial notice of such things as public SEC filings").

Additionally, Defendants respectfully request that the Court take judicial notice of the following publicly available documents, including SEC filings, an analyst report and onsemi's stock price information:

*First*, beyond the SEC forms cited above, Defendants request this Court take notice that onsemi reported certain financial data in its Form 10-Qs filed on July 31, 2023 and October 30, 2023.  Specifically, Defendants request judicial notice of the amount onsemi reported spending to repurchase common shares during the Class Period.  Courts can use judicial notice to consider a company's stock repurchases when evaluating scienter.  *See, e.g.*, *In re Cisco Sys. Inc. Sec. Litig.*, No. C 11-1568 SBA, 2013 WL 1402788 at *8 (N.D. Cal. Mar. 29, 2013) (relying on judicially-noticed exhibits  to find securities defendant "had been engaging in stock repurchases," which negated scienter).

For this limited purpose, onsemi requests the Court take judicial notice of the following exhibits:

| Exhibit | Title | SEC Filing Date |
|---|---|---|
| 9 | onsemi Q2 2023 Form 10-Q | July 31, 2023 |
| 10 | onsemi Q3 2023 Form 10-Q | October 30, 2023 |

The relevant repurchase information appears on Page 32 of **Exhibit 1** (incorporated by reference), page 37 of **Exhibit 9**, and page 40 of **Exhibit 10**.  The repurchase data is summarized in the following table:

| Period | Total Shares Purchased | Average Price Per Share | Total $ Spent on Share Purchases (Shares x Price) | Source |
|---|---|---|---|---|
| *April 29, 2023 – May 26, 2023* | 597,142 | $83.59 | $49,915,099.78 | Ex. 9 at 37 |
| *May 27, 2023 – June 30, 2023* | 550,142 | $87.37 | $48,065,906.54 | Ex. 9 at 37 |

4

| | | | | |
|---|---|---|---|---|
| *July 1, 2023 – July 28, 2023* | 109 | $99.17 | $10,809.53 | Ex. 10 at 40 |
| *July 29, 2023 – August 25, 2023* | 581,839 | $93.73 | $54,535,769.47 | Ex. 10 at 40 |
| *August 26, 2023 – September 29, 2023* | 477,642 | $95.42 | $45,576,599.64 | Ex. 10 at 40 |
| *September 30, 2023 – October 27, 2023* | 4,470,107 | $94.40 | $421,978,100.80 | Ex. 1 at 32 |
| *Total* | | | $620,082,285.76 | |

(Foster Decl. ¶ 15.)

*Second*, Defendants request that the Court take judicial notice of the contents of **Exhibit 11**, which is an analyst report from GlobalData published March 20, 2023. Specifically, Defendants request the Court take judicial notice of onsemi's partnership with NetApp related to "68 data centers throughout the world." (Ex. 11 at 15.) Courts regularly "take judicial notice of publications introduced to indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendant[ ]"); *Hutton*, 264 F. Supp. 3d at 1008 (D. Ariz. 2017) (taking judicial notice of a press release not cited in the complaint; noting that courts "routinely take judicial notice of such things as public SEC filings, corporate press releases, and court proceedings"); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (taking judicial notice of defendants' public disclosures to Google users for the purpose of demonstrating what Google disclosed at the time).

Analyst reports are among the publicly available documents that can be judicially noticed. *See, e.g.*, *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (taking judicial notice of analyst reports "to determine the information available to the market"). Given that **Exhibit 11** is a publicly available analyst report, Defendants respectfully request that the Court take judicial notice of its contents.

*Third*, Defendants also request that the Court take notice of **Exhibit 12**, which lists onsemi's stock price history from April 3, 2023 through April 2, 2024. This information was downloaded from Yahoo! Finance and is publicly available. Courts routinely take notice of stock price history. *See Metzler*, 540 F.3d at 1064 n.7; *Bajjuri v. Raytheon Techs. Corp.*, 641

F. Supp. 3d  735, 745 (D. Ariz. 2022); *Weston*, 669 F. Supp. 3d at 872; *In re Nvidia Corp. Securities Litig.*, No. 08-CV-04260-RS, 2010 WL 4117561 at *2 n.3 (N.D. Cal. Oct. 19, 2010) ("[T]ak[ing] judicial notice of the daily closing prices of NVIDIA's common stock as reported by Yahoo! Finance and provided by defendants."). Given that onsemi's stock prices are not subject to reasonable dispute, Defendants respectfully request that the Court take judicial notice of the contents of **Exhibit 12**.

## CONCLUSION

Upon proper notice, the Court is required to take judicial notice of certain exhibits. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). Here, Defendants have requested judicial notice of Exhibits 1-12 and furnished the Court with the necessary information.

Consequently, Defendants respectfully request that the Court consider Exhibits 1-12 to the Foster Declaration, which are filed concurrently herewith.

DATED this 10th day of October, 2024.

OSBORN MALEDON, P.A.


By  s/ Joseph N. Roth
    David B. Rosenbaum
    Joseph N. Roth
    Alexandria N. Karpurk
    2929 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
    Mark R.S. Foster (admitted *pro hac vice*)
    525 University Avenue
    Palo Alto, California 94301

*Attorneys for Defendants*

6