LEVI & KORSINSKY, LLP
Shannon L. Hopkins (admitted *pro hac vice*)
(State of Connecticut Juris No. 435545)
Gregory M. Potrepka (admitted *pro hac vice*)
(State of Connecticut Juris No. 437326)
David C. Jaynes (to be admitted *pro hac vice*)
(State of California Juris No. 338917)
P. Cole von Richthofen (to be admitted *pro hac vice*)
(State of Connecticut Juris No. 444159)

1111 Summer Street, Suite 403
Stamford, CT 06905
shopkins@zlk.com
gpotrepka@zlk.com
Telephone: 203-992-4523

*Lead Counsel for Lead Plaintiff Jeffery S. Lew*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffery S. Lew, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>ON Semiconductor Corporation; Hassane El-Khoury; and Thad Trent,<br><br>Defendants. | No. CV-24-00594-PHX-SMB<br><br>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE [ECF No. 44] |

DATED this 22nd day of November, 2024.

*/s/ Gary A. Gotto*
Gary A. Gotto
Liaison Counsel for Lead Plaintiff

**Table of Contents**

I.    LEGAL STANDARD ............................................................................................ 1

II.    ARGUMENT ...................................................................................................... 4

    A.    Exhibits 1, 9, 10, and 11 Cannot Be Incorporated By Reference Because Plaintiff Never Cites or References Them In the SAC, and Judicial Notice Is Improper Because Defendants Seek to Impermissibly "Backdoor" an Alternative Set of Facts to Improperly Create Factual Disputes ............................................................................... 4

    B.    Exhibits 2 and 7 Are Irrelevant and Should Not Be Incorporated By Reference or Judicially Noticed Because Defendants Only Cite Information Within Them That Is Pleaded in the SAC ............................................................................................. 8

    C.    Exhibits 3, 4, 5, 6, 8, and 12 Are Subject to Differing Interpretations and Reasonable Dispute, and Defendants Seek their Introduction Solely To Create Factual Disputes and to Offer Competing Theories, Making the Exhibits Improper for Incorporation By Reference or Judicial Notice ............................................................. 9

III.    CONCLUSION .................................................................................................. 17

## **Table of Authorities**

**Cases**

*Abady v. Lipocine Inc.*,
   2023 WL 2933080 (D. Utah Apr. 13, 2023) .................................................................. 12

*Alpine 4 Holdings Inc. v. Finn Mgmt. GP LLC*,
   2022 WL 1188074 (D. Ariz. Apr. 21, 2022) .................................................................. 7

*ArubaWater Corp. v. Wells Fargo Bank, N.A.*,
   703 F.Supp. 3d 995 (D. Ariz. 2023) ............................................................... 2, 3, 4, 5

*Baron v. Hyrecar Inc.*,
   2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ............................................................. 5

*Camposeco v. Boudreaux*,
   2021 WL 4710801 (E.D. Cal. Oct. 8, 2021) ............................................................... 16

*Derouin v. Netapp, Inc.*,
   2021 WL 4437682 (9th Cir. Aug. 2, 2021) .................................................................. 6

*Erickson v. Corinthian Colls., Inc.*,
   2015 WL 12732435 (C.D. Cal. Apr. 22, 2015) ............................................................ 7

*Forsyth v. Humana, Inc.*,
   114 F.3d 1467 (9th Cir. 1997) .................................................................................... 7

*Friends of the Clearwater v. Higgins*,
   523 F. Supp. 3d 1213 (D. Idaho 2021) ........................................................................ 9

*Graves v. Arpaio*,
   623 F.3d 1043 (9th Cir. 2010) .................................................................................... 7

*Green Valley Villas W. Condo. Ass'n v. Washington Fed. Bank*,
   2024 WL 1702226 (D. Ariz. Apr. 19, 2024) ............................................................... 2

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
   189 F.3d 971 (9th Cir. 1999) ...................................................................................... 8

*Heredia v. TTM Techs. Inc.*,
   2018 WL 3566869 (N.D. Cal. July 25, 2018) .......................................................... 5, 14

*Hsu v. Puma Biotechnology, Inc.*,
   213 F. Supp. 3d 1275 (C.D. Cal. 2016) ................................................................. 2, 12

*Hutton v. McDaniel*,
   264 F. Supp. 3d 996 (D. Ariz. 2017) .................................................................................. 8

*In re Cisco Sys. Inc. Sec. Litig.*,
   2013 WL 1402788 (N.D. Cal. Mar. 29, 2013) ............................................................... 6, 7

*In re Google Location Hist. Litig.*,
   428 F. Supp. 3d 185 (N.D. Cal. 2019) .............................................................................. 8

*In re Green Dot Corp. Sec. Litig.*,
   2024 WL 1356253 (C.D. Cal. Mar. 29, 2024) ........................................................... 11, 14

*Jaiyeola v. Apple, Inc.*,
   2024 WL 1329922 (N.D. Cal. Mar. 27, 2024) ................................................................. 16

*Jones v. Micron Tech. Inc.*,
   400 F. Supp. 3d 897 (N.D. Cal. 2019) ............................................................................ 13

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ................................................................................... passim

*Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*,
   2024 WL 3708800 (D. Ariz. Aug. 7, 2024) ............................................................. passim

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001) .............................................................................................. 2

*Lomingkit v. Apollo Educ. Grp. Inc.*,
   2017 WL 633148 (D. Ariz. Feb. 16, 2017) ..................................................................... 5, 9

*Lowthorp v. Mesa Air Grp. Inc.*,
   2021 WL 3089118 (D. Ariz. July 22, 2021) ................................................................. 3, 15

*Mira Holdings Inc. v. UHS of Del. Inc.*,
   2023 WL 5333262 (D. Ariz. Aug. 18, 2023) ................................................................... 17

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .............................................................................................. 2

*Orbis Glob. Equity Fund Ltd. v. NortonLifelock Inc.*,
   2023 WL 1800963 (D. Ariz. Feb. 7, 2023) ..................................................................... 9, 11

*Oregon Wild v. United States Forest Serv.*,
   2024 WL 4286965 (9th Cir. Sep. 25, 2024) .................................................................... 16

iv

*Pirani v. Netflix, Inc.*,
 710 F.Supp.3d 756 (N.D. Cal. Jan. 5, 2024) .................................................................... 6

*Ramirez v. Cnty. of San Bernardino*,
 806 F.3d 1002 (9th Cir. 2015) ........................................................................................ 7

*Reina-Rodriguez v. United States*,
 655 F.3d 1182 (9th Cir. 2011) ........................................................................................ 4

*Rowell v. Zamora*,
 2018 WL 1354033  (E.D. Cal. Mar. 15, 2018) ............................................................... 7

*Ruiz v. City of Santa Maria*,
 160 F.3d 543 (9th Cir. 1998) .................................................................................... 5, 14

*Salazar v. Driver Provider Phoenix LLC*,
 2020 WL 5748129 (D. Ariz. Sept. 24, 2020) ................................................................. 8

*Shalaby v. Bernzomatic*,
 281 F.R.D. 565 (S.D. Cal. 2012) ............................................................................... 5, 9

*Shenwick v. Twitter, Inc.*,
 282 F. Supp. 3d 1115 (N.D. Cal. 2017) .......................................................................... 6

*Smith v. NetApp, Inc.*,
 2021 WL 1233354 (N.D. Cal. Feb. 1, 2021) .................................................................. 6

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
 2014 WL 2916472 (N.D. Cal. June 26, 2014) ............................................................... 7

*ThermoLife Int'l LLC v. Neogenis Labs Inc.*,
 2021 WL 1400818 (D. Ariz. Apr. 14, 2021) .................................................................. 8

*U.S. v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) .......................................................................................... 2

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
 592 F.3d 954 (9th Cir. 2010) .......................................................................................... 8

*Williams v. Cnty. of Alameda*,
 26 F. Supp. 3d 925 (N.D. Cal. 2014) .............................................................................. 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 2, 4

Fed. R. Evid. 201 ............................................................................................................. 3

L. R. Civ. 15(b) ............................................................................................................... 7

Plaintiff hereby respectfully submits this Memorandum of Law in Opposition to Defendants' Request for Judicial Notice in Support of Motion to Dismiss Second Amended Complaint. Plaintiff opposes Defendants' Request for Judicial Notice ("RJN") (ECF 44) of Exhibits 1–12 attached to the Declaration of Mark R. S. Foster in Support of Defendants' Motion to Dismiss Second Amended Complaint ("Foster Declaration") (ECF 43-2).[1]

In support of their Motion to Dismiss, Defendants ask the Court to judicially notice and/or incorporate by reference twelve exhibits spanning more than 500 pages. Rather than challenge the SAC's sufficiency, Defendants attempt to improperly create an alternative set of "facts" for the Court to consider when deciding the MTD. For example, while the Second Amended Complaint adequately alleges that Defendants acted with a knowing or reckless disregard for the truth and does not assert any insider selling allegations, Defendants seek to introduce extraneous evidence of the Company's stock repurchases to undermine an inference of their scienter. Defendants' attempt to manufacture a bespoke record by introducing cherry-picked documents from outside the SAC and have the Court consider them as true or interpret them in favor of Defendants are improper on a motion to dismiss. The Court should deny Defendants' RJN because the Defendants seek to rely upon their proffered extrinsic documents: for their truth of matters asserted; for irrelevant purposes; to suggest inferences that Defendants hope the Court will draw in their favor; and for the purpose of contesting Plaintiffs' well pled allegations by reference to an alternative (disputed) factual narrative.

## I.    LEGAL STANDARD

A motion brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim and allows a party to seek dismissal for failure to state a claim

---

[1] Unless otherwise defined, the meaning of each capitalized name or abbreviation shall be the same as set forth in the Second Amended Complaint ("SAC") (ECF 39). Herein, unless otherwise stated, all emphasis is added and all internal citations, quotation marks, brackets, ellipses, and footnotes are omitted (*i.e.*, all cited material is cleaned up).

1

because either the complaint lacks a cognizable legal theory or lacks the factual allegations to support such a theory." *Green Valley Villas W. Condo. Ass'n v. Washington Fed. Bank*, 2024 WL 1702226, at *2 (D. Ariz. Apr. 19, 2024) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Id*. (quoting *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). While there are two exceptions to the general rule, the Ninth Circuit has warned against defendants "exploiting the incorporation-by-refence doctrine and judicial notice rule improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 2024 WL 3708800, at *4 (D. Ariz. Aug. 7, 2024) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)).

*Khoja* cautions that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Khoja*, 899 F.3d at 998. Indeed, efforts "to expand the two doctrines" are "inappropriate" because they result in "motions to dismiss filed with hundreds of pages of attachments, authenticated through attorney declarations" that "make arguments more appropriate for a motion for summary judgment or some other later stage[.]" *Sea Ltd.*, 2024 WL 3708800, at *4.  (quoting *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016)).

**Incorporation by Reference Doctrine**

Under the incorporation by reference doctrine, material not attached to the complaint may be considered in a motion to dismiss only if such material is referred to extensively or is central to a plaintiff's claim. *ArubaWater Corp. v. Wells Fargo Bank, N.A.*, 703 F.Supp. 3d 995, 1000 (D. Ariz. 2023) (citing *U.S. v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003)). Courts "[may not] assume the truth of an incorporated document if such

assumptions only serve to dispute facts stated in a well-pleaded complaint" and courts "must be cautious when drawing inferences from incorporated documents." *Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *4 (D. Ariz. July 22, 2021) (citing *Khoja,* 899 F.3d at 1003). Thus, the incorporation by reference doctrine cannot be used to create a competing set of facts on a motion to dismiss. *Khoja,* 899 F.3d at 1014, ("[a]lthough incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint"); *ArubaWater*, 703 F. Supp. 3d at 1001 ("At first glance, this document also appears appropriate for incorporation by reference. However, incorporation of this document introduces two factual disputes that are inappropriate at the pleadings stage."). In other words, if the defendant seeks incorporation by reference merely to promote a factual argument disputing the plaintiff's well-pled allegations, incorporation by reference is improper.

**Judicial Notice Rule**

Judicial notice under Rule 201 permits a court to notice *an adjudicative fact* if it is "not subject to reasonable dispute". Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "But accuracy is only part of the inquiry under Rule 201(b). A court must also consider — and identify — which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. In other words, even if a document is publicly available and its authenticity beyond question, the facts within the document are not necessarily appropriate for judicial notice unless the facts themselves are not subject to reasonable dispute. *Khoja*, 899 F.3d at 1000 (rejecting defendants' request for judicial notice of facts within a conference call transcript because "[r]easonable people could debate what exactly this conference call disclosed[.]"). Indeed,

3

it is improper to judicially notice a transcript when its substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes." *Id*. (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)).

Pertinent here, judicial notice is improper when it is used as "a backdoor avenue" to introduce an alternative set of facts on a Rule 12(b)(6) motion to dismiss. *Sea Ltd.*, 2024 WL 3708800, at *5. In *Sea Ltd.*, the defendant sought judicial notice of an SEC filing that reported the company's quarterly and annual results, but the court rejected defendant's request for judicial notice of the SEC filing as improper because "[t]hroughout its motion to dismiss, [defendant] uses statements contained in these exhibits for their truth value in an attempt to present [defendant]'s own version of the facts." *Id.*

In sum, neither the incorporation by reference doctrine nor the judicial notice rule are properly invoked on a Rule 12(b)(6) motion to dismiss where defendants seek to introduce or promote disputes of fact or to introduce material whose interpretation is subject to reasonable dispute.

## II.   ARGUMENT

### A.   Exhibits 1, 9, 10, and 11 Cannot Be Incorporated By Reference Because Plaintiff Never Cites or References Them In the SAC, and Judicial Notice Is Improper Because Defendants Seek to Impermissibly "Backdoor" an Alternative Set of Facts to Improperly Create Factual Disputes

**Incorporation By Reference**: Defendants' Exhibit 1 is a copy of Onsemi's annual report for the ***year ended December 31, 2023***, filed on Form 10-K with the SEC on February 5, 2024 (the "2023 Form 10-K"). RJN at 3. Defendants contend that Plaintiff cites this document in ¶¶125-26 of the SAC. *Id*. That is false. The SAC does not cite or reference the 2023 Form 10-K whatsoever. Indeed, Paragraphs 125 and 126 of the SAC only reference Onsemi's annual reports ***for the years ended December 31, 2021*** (filed February 14, 2022) and ***December 31, 2022*** (filed February 6, 2023). Accordingly, Exhibit 1 cannot be considered under the incorporation by reference doctrine because Plaintiff never cites or references the 2023 Form 10-K. *See ArubaWater*, 703 F.Supp. 3d at 1000.

4

Defendants correctly admit that Exhibits 9 through 11 are not referenced in the SAC. RJN at 4-5 (arguing only that Exhibits 9-11 should be judicially noticed). Exhibits 9 and 10 are copies of Onsemi's quarterly reports for the second and third quarters of 2023, filed with the SEC on July 31, 2023 and October 30, 2023. RJN at 4. Exhibit 11 is a report from GlobalData, published in March 2023. RJN at 5. As with Exhibit 1, Exhibits 9 through 11 cannot be incorporated by reference. *See ArubaWater*, 703 F.Supp. 3d at 1000.

**<u>Judicial Notice</u>**: Judicial notice of Exhibits 1 and 9 through 11 is improper because Defendants are seeking a backdoor avenue to present their own set of facts to introduce factual disputes at the pleading stage.

With respect to Exhibit 1, Defendants first cite this document for the proposition that Onsemi's revenues in 2023 totaled approximately $8.25 billion. MTD at 3. Defendants never mention this figure again or explain its purported relevance. Indeed, Onsemi's annual revenue for 2023 is irrelevant because the central claim in the SAC is not the truth or falsity of Onsemi's 2023 reported revenue, but instead is that, during the Class Period, Defendants created a misimpression about the nature and benefits of its long-term contracts. Accordingly, the Court should deny Defendants' request to judicially notice Exhibit 1 as it lacks any relevance to the issues in dispute. *See, e.g., Lomingkit v. Apollo Educ. Grp. Inc.*, 2017 WL 633148, at *1 n.1 (D. Ariz. Feb. 16, 2017) ("the Court denies Plaintiffs' and Defendants' requests for judicial notice of the testimony and report as irrelevant."); *Shalaby v. Bernzomatic*, 281 F.R.D. 565, 570-71 (S.D. Cal. 2012) (denying requests for judicial notice because the underlying documents were irrelevant); *Heredia v. TTM Techs. Inc.*, 2018 WL 3566869, at *2 (N.D. Cal. July 25, 2018) ("A request for judicial notice may be declined if the information submitted is not relevant to the matters before the Court.") (citing *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998)); *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *6 (C.D. Cal. Dec. 5, 2022) (declining to judicially notice exhibits, including SEC filings, that did not materially bear on plaintiff's theories).

5

Defendants further rely on Exhibits 1, 9, and 10 to set forth certain alleged facts regarding Onsemi's stock repurchases for the purpose of manufacturing an alternative narrative that the Defendants believe the Court should consider in its holistic scienter analysis. MTD at 16-17 (arguing that Onsemi's stock repurchases "negate Plaintiff's scienter allegations"). However, the SAC does not contain any allegations of stock repurchases, insider selling, or allegations relating to "motive and opportunity" as a basis for scienter. Nonetheless, Defendants seek to use the doctrine of judicial notice to introduce evidence of stock repurchases and ask the Court to *interpret* these repurchases (an interpretation subject to reasonable dispute) as negating the well-pled scienter allegations of SAC. MTD at 17.  This is impermissible. As recently held:

> Court[s] have declined to consider facts regarding stock sales in the absence of allegations regarding financial motives. Considering Netflix's stock repurchases would permit Defendants to engage in the exact behavior that the *Ninth Circuit* [in *Khoja*] warned is not the purpose of judicial notice or the incorporation-by-reference doctrine: present their own version of the facts at the pleading stage.  Accordingly, because the only purpose of this fact is to create an alternative narrative[,] the Court disregards it.

*Pirani v. Netflix, Inc.*, 710 F.Supp.3d 756, 767 (N.D. Cal. Jan. 5, 2024) (citing *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021), *appeal dismissed sub nom. Derouin v. Netapp, Inc.*, 2021 WL 4437682 (9th Cir. Aug. 2, 2021) (declining to consider facts regarding stock sales because the plaintiff did not allege a financial motive); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123-24 (N.D. Cal. 2017) (same and collecting cases)).

Defendants' citation is inapposite. RJN at 4 (citing *In re Cisco Sys. Inc. Sec. Litig.*, 2013 WL 1402788, at *8 (N.D. Cal. Mar. 29, 2013)). Unlike here, in *Cisco*, the plaintiff's theory of scienter relied upon a defendant's insider stock trading to create a strong inference of scienter and ***the stock repurchases were explicitly pled in the complaint***. *Cisco*, 2013 WL 1402788, at *8 ("Here, the Amended Complaint alleges that during the Class Period, Chambers sold 83% of his Cisco holdings, and that those transactions took place within a

week of the conference calls and press releases at issue, and shortly after Cisco repurchased 87 million shares during 3Q10. *See* Am. Compl. ¶¶ 231, 333-337.”). Unlike *Cisco*, the SAC lacks any allegations relating to insider trading, stock sales, or stock repurchases.[2] Thus, Defendants' attempt to smuggle additional facts concerning stock repurchases through a "backdoor avenue" to undercut scienter is inappropriate should be rejected. *Sea Ltd.*, 2024 WL 3708800, at *5.

Defendants' motion to dismiss cites to Exhibit 11 one time, in a footnote, to dispute the SAC's CW allegations. MTD at 11 n. 3. Exhibit 11 is a third-party report that includes a "History" of Onsemi's major events, contracts, and agreements. One entry in the "History" is a description of a **<u>2017</u>** agreement with NetApp: "In July, the company and NetApp, a firm with data authority for hybrid cloud, parntered [sic] to provide its Shield vision to endorse 125 sites and 68 data centers throughout the world." Ex. 11 at 15. Defendants cite Exhibit 11 to contest CW1's recollection that the value of an Onsemi military account that CW1 worked on (worth $6 or $7 million) was "significant," and to also contest an admission by an Onsemi SVP that a data center account worth $5 million

---

[2] Defendants cannot argue in a reply brief that the Court should consider allegations regarding insider selling in Plaintiff's first amended complaint. First, such argument is waived by failing to raise it in an opening motion. *Alpine 4 Holdings Inc. v. Finn Mgmt. GP LLC*, 2022 WL 1188074, at *3 n.5 (D. Ariz. Apr. 21, 2022) ("[A]rguments raised for the first time in a reply brief are waived.") (quoting *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010)). Second, "[i]t is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)); *see also* L.R.Civ. 15(b) ("The amended pleading must not incorporate by reference any part of the preceding pleading"); *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014) (refusing to consider "any facts" in an earlier complaint on a motion to dismiss that were not pled in the operative complaint); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 2014 WL 2916472, at *7 (N.D. Cal. June 26, 2014) (similar); *Rowell v. Zamora*, 2018 WL 1354033, at *2  (E.D. Cal. Mar. 15, 2018) (similar); *Erickson v. Corinthian Colls., Inc.*, 2015 WL 12732435, at *16-17 (C.D. Cal. Apr. 22, 2015) (rejecting defendants' argument in securities class action that the court should consider a superseded complaint).

was "very significant." ¶69. Defendants improperly request the Court to draw inferences and find facts in their favor regarding the value of Onsemi's data center business (using 2017 data) as compared to the value of Onsemi's military business, on an incomplete record without drawing any inferences in Plaintiff's favor. Thus, Defendants' request for judicial notice of Exhibit 11 is improper. *Khoja*, 899 F.3d at 999 (prohibiting defendants from "present[ing] their own version of the facts at the pleading stage" through judicial notice of extraneous documents and facts), *id.* at 1014 (at the pleading stage "courts must interpret the allegations and factual disputes in favor of the plaintiff"); *Sea Ltd.*, 2024 WL 3708800, at \*5 ("[i]t is improper to judicial notice a [document] when the substance of the [document] is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.").[3]

    **B.**    **Exhibits 2 and 7 Are Irrelevant and Should Not Be Incorporated By Reference or Judicially Noticed Because Defendants Only Cite Information Within Them That Is Pleaded in the SAC**

Defendants cite Exhibit 2 for the proposition that Onsemi's annual report for the year ended December 31, 2022 disclosed that the LTSAs were "not subject to cancellation, unless otherwise mutually agreed." MTD at 4, 16. The SAC already alleges this. ¶49. Thus, there is no need to judicially notice or incorporate by reference the entire, 99-page annual

---

[3] *See also Salazar v. Driver Provider Phoenix LLC*, 2020 WL 5748129, at \*4 (D. Ariz. Sept. 24, 2020) (rejecting defendant's attempt to introduce extraneous facts to create a "defense [that] is not established on the face of the SAC"); *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, 2021 WL 1400818, at \*2 (D. Ariz. Apr. 14, 2021) (rejecting request for judicial notice of facts not found in the complaint "and then drawing inferences against the non-moving party so as to dismiss its well-pleaded claims"). Given that Defendants' true purpose for requesting judicial notice of Exhibit 11 was to manufacture a fact dispute, their citations to cases for the proposition that judicial notice can be used to "indicate what was in the public realm at the time" are irrelevant and inapposite. RJN at 5 (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *Hutton*, 264 F. Supp. 3d at 1008 (D. Ariz. 2017); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019)).

report. Likewise, Defendants cite Exhibit 7 for the proposition that Onsemi's Senior VP described potential sales of $5 million per data center as a "very significant growth opportunity" for Onsemi. MTD at 11, n. 3. But this fact is also already pled in the complaint (¶69), making judicial notice or incorporation by reference unnecessary.

Defendants' attempts to needlessly attach Exhibits 2 and 7—approximately 130 pages of additional material—to reiterate facts already pled in the SAC are exactly what the courts in this district have found to be concerning and inappropriate: "mountainous motions" to dismiss that are "filed with hundreds of pages of attachments" that "make arguments more appropriate for a motion for summary judgment or some other later stage of the case." *Sea Ltd.*, 2024 WL 3708800, at *4. Accordingly, the Court should deny Defendants' requests for incorporation by reference and judicial notice of Exhibits 2 and 7. *See Lomingkit,* 2017 WL 633148, at *1 n.1 ("the Court denies Plaintiffs' and Defendants' requests for judicial notice of the testimony and report as irrelevant."); *Shalaby v. Bernzomatic*, 281 F.R.D. at 570-71 (denying requests for judicial notice because the underlying documents were irrelevant); *Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213, 1225 (D. Idaho 2021) (denying judicial notice because requested facts were already in the record and the document was otherwise not relevant).

### C. Exhibits 3, 4, 5, 6, 8, and 12 Are Subject to Differing Interpretations and Reasonable Dispute, and Defendants Seek their Introduction Solely To Create Factual Disputes and to Offer Competing Theories, Making the Exhibits Improper for Incorporation By Reference or Judicial Notice

Even if a document is cited or referenced in a complaint, it may not be properly incorporated by reference if the purpose of incorporation is merely to dispute the well-pled allegations of the complaint. *Orbis Glob. Equity Fund Ltd. v. NortonLifelock Inc.*, 2023 WL 1800963, at *10 n.6 (D. Ariz. Feb. 7, 2023) ("the Court does not assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in [Plaintiffs' otherwise] well-pleaded complaint") (citing *Khoja*, 899 F.3d at 998) (rejecting indisputably authentic transcript that purportedly showed what defendants had disclosed to

9

investors because the interpretation of the disclosures was subject reasonable dispute). That is exactly what Defendants attempt here through their request for judicial notice and incorporation by reference of Exhibits 3, 4, 5, 6, 8, and 12. Their request should be denied. *Khoja*, 899 F.3d at 998 (prohibiting "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint" because it "risks premature dismissals of plausible claims that may turn out to be valid after discovery").

**Exhibit 3**

Exhibit 3 purports to be a transcript of an Onsemi earnings call dated October 30, 2023. RJN at 3. Exhibit 3 cannot properly be judicially noticed or incorporated by reference for the reasons proffered because Defendants submit Exhibit 3 solely to quote their own opinions, offer those opinions as the truth of the matters asserted, and manufacture inferences designed to compete with the facts alleged in the SAC.

First, Defendants cite Exhibit 3 to present the theory that Onsemi had "impressive results" with respect to its 3Q23 revenue. MTD at 4-5, 15. Whether Onsemi's financial results in 3Q23 were "impressive" is non-responsive to the claims at issue because the SAC alleges Defendants misled investors about the nature and durability of Onsemi's LTSAs, not about the Company's forecasts for any one quarter. The purported "impressiveness" of Onsemi's 3Q23 reported revenue is also subject to reasonable dispute. This is particularly true where the purportedly "impressive" financial results are accompanied by an announcement that full year revenues will be $200 million short of expectations (¶90).

Second, Defendants cite Exhibit 3 to assert that the $200 million shortfall from an automotive SiC customer was the result of a "recent" reduction in demand and to argue that Defendants did not know of the reduction in demand "well before October 30." MTD at 14. Defendants' self-selected quotations of the word "recent" in Exhibit 3 contradicts the SAC's allegations that Defendants, by their own admissions, knew of reductions in demand at least 6 or 9 months in advance (¶¶138-39). Whether the reduction in demand was "recent" is subject to reasonable dispute. Thus, Exhibit 3 cannot be judicially noticed or

incorporated by reference as proffered. *See Orbis Glob. Equity Fund Ltd.,* 2023 WL 1800963, at *10 n.6 ("the Court does not assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in [Plaintiffs' otherwise] well-pleaded complaint,"); *Khoja,* 899 F.3d at 998 (rejecting indisputably authentic transcript that purportedly showed what defendants had disclosed to investors because the interpretation of the disclosures were subject reasonable dispute).

**Exhibit 4**

Exhibit 4 purports to be a UBS Equities report dated October 30, 2023. RJN at 3. Exhibit 4 cannot properly be judicially noticed or incorporated by reference for the reasons proffered because Defendants submit Exhibit 4 solely to introduce factual theories to dispute the allegations in the SAC. Specifically, Defendants introduce Exhibit 4 solely for the purpose of disputing Plaintiff's well-pled allegations that Onsemi did not obtain a "win-win" solution from a SiC OEM customer after that customer cancelled $200 million in purchase orders that were scheduled for 2023. Defendants cite Exhibit 4 for the proposition that Onsemi had "suggested" to the UBS analyst that the Company "extracted value" from the SiC OEM (MTD at 5).[4] In essence, Defendants ask the Court to consider Exhibit 4 so that it can rely on "suggestions" reported by a third-party as the truth of the matter regarding whether a win-win was achieved. Defendants make this request in the face of the SAC's allegations that Defendants admitted Onsemi never obtained a win-win with respect to the SiC OEM's 2023 orders which were simply "derisk[ed]" because Defendants were "not assuming that we're pushing it out and it's going to recover in 2024." ¶98. Accordingly, Defendants' request to introduce Exhibit 4 for the purpose of contesting the SAC with inferences drawn from an extraneous analyst report should be denied. *See*; *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at *3 (C.D. Cal. Mar. 29, 2024) (refusing to judicially notice or incorporate by reference analyst reports introduced to resolve factual disputes

[4] It is notable that the UBS analyst was highly skeptical of Defendants' "suggestions." *See* ¶152, Ex. 4 ("Big Step Back In Confidence/Credibility on SiC Story").

11

against the plaintiff's well-pled allegations in the complaint); *Abady v. Lipocine Inc.*, 2023 WL 2933080, at *3 (D. Utah Apr. 13, 2023) ("Using analyst reports to show what analysts 'believed' at a given point in time goes beyond the scope of judicial notice, which is limited to recognizing what information is in the public domain.") (internal quotations in original); *see also Hsu*, 213 F. Supp. at 1282 (rejecting request to judicially notice analyst reports where they "reflect an inherent bias favoring [Defendant]").

**Exhibit 5**

Exhibit 5 purports to be a transcript of the JPMorgan Tech-Auto Forum, held on January 5, 2023. RJN at 3. Defendants selectively quote Exhibit 5 in the MTD to create an alternative factual narrative. Specifically, Defendants introduce a cherry-picked passage from Exhibit 5 to argue that a SiC customer's $200 million reduction in 2023 committed orders "is entirely consistent with onsemi's prior disclosures about what a win-win could look like." MTD at 8. But Defendants have selectively edited Exhibit 5 in the MTD through use of ellipses that misleadingly omits crucial context demonstrating that Defendants never believed that being "left holding the bag" with a $200 million loss was a win-win. Exhibit 5 states, when including the information that Defendants excised:

> ***So they are legally binding agreement[s], because they're liability for the customer because they're take or pay***. Now that's -- like you said, that's all great when everybody makes the parts. Now what happens in moving forward? Okay, look, we're not here to "shove inventory". If the customer has a concern on demand or they say, okay, 6 months from now, it's not going to be where I thought it was going to be. That allows us a few things. One is we can manage our manufacturing. So you don't have [work in progress] that's going to end up in inventory. ***If we do, the customer will have to take it because we're not going to be left holding the bag. It has to be a win-win.*** If I can move that capacity elsewhere because we're oversubscribed, that's even better for us and the customer. It's a win-win, again.

Ex. 5 at 6. During the same JPMorgan Tech-Auto Forum, El-Khoury also assured investors at that time that Onsemi would *only* agree to changes in volume if it did not impact Onsemi's capacity utilization because the orders were shifted to a different customer:

12

[L]like if the LTSA do one thing, it's somebody is going to pick up the bat phone and call me. I remember, in end of 2018 when kind of the backlog like got a 30% haircut, right, if you recall, I didn't even get a phone call. I just woke up in the morning, I thought it was a computer glitch where a backlog kind of somebody didn't add it up. Well, I don't want that. ***We were not going to be left holding the bag because, look, we made a lot of investments in order to support that outlook from our customers***. And therefore, it's a win-win. ***And the way they see it, they have to take the part, so it's a take or pay***. But if they let us know 6,9 months in advance that, "Hey, we -- this new model is not working out." Look, that's fine. The conversation is great. ***We'll take share on another model that works as long as we utilize the capacity***. And the fact that customers -- some customers have co-invested with us, they're more likely to give a share because of their investment from others in a -- call it, in an environment where they don't have the full volume materialize. So all of those are win-win for us.

Ex. 5 at 7.

In light of Defendants' misquotes and omissions, the interpretation of what is disclosed in Exhibit 5 is subject to reasonable dispute, as the preceding quotes contradict Defendants' argument in the MTD that the SiC customer's cancellation was "entirely consistent with" Onsemi's prior disclosures of what a "win-win" would look like. Moreover, the inferences that Defendants (improperly) seek to draw in their favor from Exhibit 5 directly conflict with the SAC's well-pled allegations that Defendants admitted there was no win-win. *See* ¶92 (El-Khoury claiming history of win-wins "outside of silicon carbide in Q4"); ¶98 (2023 SiC orders "derisk[ed]"). Thus, the introduction of Exhibit 5 is solely to introduce factual disputes and pose theories to compete with the SAC, making incorporation by reference or judicial notice of Exhibit 5 inappropriate. *See Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 906 (N.D. Cal. 2019) (declining to judicially notice or incorporate by reference earnings call transcripts when the contents of the transcripts are subject to reasonable dispute); *Khoja*, 899 F.3d at 1000.

**Exhibit 6**

Exhibit 6 purports to be a transcript of Onsemi's Earnings Call for Q1 2023, held May 1, 2023 which Defendants introduce to argue that the misstatements pled in the SAC

13

were not "material in light of the company's overall financial position[.]" MTD at 11. (arguing the LTSA described by CW1 worth $6 or $7 million was immaterial in light of Onsemi's total overall revenues). First, this is an irrelevant strawman. Plaintiff alleges that the issues CW1 observed with respect to the LTSA customer account that CW1 worked on were reflective of the infirmity of *all* LTSAs at Onsemi (which were uniform), not simply that one account. ¶73. Thus, the economic materiality of the single customer account that CW1 described is not at issue and the Court should not judicially notice or incorporate Exhibit 6 on this basis. *See Heredia*, 2018 WL 3566869, at *2 ("A request for judicial notice may be declined if the information submitted is not relevant to the matters before the Court.") (citing *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998)); *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at *3 (refusing to judicially notice or incorporate by reference transcripts of earnings calls introduced to resolve factual disputes against the plaintiff's well-pled allegations in the complaint).

Defendants also introduce Exhibit 6 to assert that "onsemi's disclosures made clear that there were many permutations of what a win-win could look like relating to quantity, timing, product mix, and more[.]" MTD at 11-12. But Defendants' interpretation of Exhibit 6 is subject to reasonable dispute, as Exhibit 6 *says nothing* about permutations of "timing, product mix, and more" when discussing LTSA renegotiations. Certainly, nothing in Exhibit 6 discloses that Onsemi could defer a "win" over an illusory "longer term" on a "case by case" basis, as admitted at the end of the Class Period. ¶92. Because Defendants' interpretation of what is disclosed in Exhibit 6 is subject to reasonable dispute, and because Defendants only seek judicial notice and incorporation of Exhibit 6 to promote their alternative theory that Defendants disclosed all permutations of a "win-win," Exhibit 6 cannot properly be incorporated by reference or judicially noticed. *See Khoja*, 899 F.3d 988, 998 (9th Cir. 2018); *Sea Ltd.*, 2024 WL 3708800, at *4-5.

**Exhibit 8**

Exhibit 8 purports to be a transcript of the 2023 Citi Global Technology Conference held on September 7, 2023. RJN at 3. Defendants introduce material from Exhibit 8 as an alternative set of facts that ignores the core allegations of the SAC. Specifically, Defendants cite Defendant Trent and El-Khoury's description of possible renegotiation scenarios to promote their argument that "onsemi's disclosures made clear that there were many permutations of what a win-win could look like relating to quantity, timing, product mix, and more[.]" MTD at 11-12. This is an attempt to introduce new facts and sidestep the well-pled allegations of the SAC. Onsemi's disclosures regarding the many permutations of what a win-win could look like are completely irrelevant. Here, the Defendants admit that, in direct contrast to what investors were led to believe, Onsemi did not receive any corresponding "win" for the SiC OEM's 2023 order reduction—the order was simply "derisk[ed]" and Onsemi "took it out" of future forecasts. ¶¶98-99.

Thus, the truth regarding LTSAs directly contradicts the SAC's well pled allegations that Defendants misled investors by asserting that Onsemi's LTSA was "ironclad" and "a legally binding agreement that both parties in a win-win will renegotiate an amendment," but that "net of that, we're not going to be left holding the bag." ¶87. Defendants' citation to Exhibit 8 fails to provide any relevant context that was not already presented in the SAC, and moreover, Defendants' proposed interpretation of Exhibit 8 is subject to reasonable dispute. The Court should deny Defendants' request to impermissibly add new material to make factual arguments better suited for a motion for summary judgment and to offer competing theories not appropriately decided on a motion to dismiss. *See Lowthorp*, 2021 WL 3089118, at *4 (courts "[may not] assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" and courts "must be cautious when drawing inferences from incorporated documents").

15

**<u>Exhibit 12 and Appendix A</u>**

Defendants purport to use Exhibit 12 and Appendix A to introduce Onsemi's stock price movements *after the alleged fraud* to dispute Defendants' scienter *at the time of the fraud*. MTD at 15. Onsemi's stock price months after the Class Period is irrelevant to Defendants' state of mind (scienter) and Defendants do not challenge loss causation. Thus, stock price information is irrelevant. *Oregon Wild v. United States Forest Serv.*, 2024 WL 4286965, at *3 (9th Cir. Sep. 25, 2024) ("we have repeatedly denied requests for judicial notice for lack of relevance"); *Camposeco v. Boudreaux*, 2021 WL 4710801, at *6 (E.D. Cal. Oct. 8, 2021) ("The matter to be judicially noticed must be relevant to the issues in the case"). Moreover, Defendants improperly ask the Court to interpret the data in Exhibit 12 as showing that Onsemi's stock prices "recovered steadily and fully" after a "temporary" decline. MTD at 5. This contention is subject to reasonable dispute. Indeed, Plaintiff does not even know what Defendants mean by "temporary" when referring to a securities market that moves at a fraction of a second. Even a glance at Defendants' Appendix A (*see* Fig. 1, below) shows that Defendants' desired interpretation of the stock data—that Onsemi's stock price steadily and fully recovered—is unsupported.

**Figure 1. Defendants' Appendix A**



Defendants' request for judicial notice of stock prices for the purpose of resolving competing inferences is improper. *See Jaiyeola v. Apple, Inc.*, 2024 WL 1329922, at *5 (N.D. Cal. Mar. 27, 2024) ("the Court may only take notice as to the existence of these [exhibits] and the facts contained therein, not as to the (disputed) inferences that Defendant may seek to draw from them"); *Mira Holdings Inc. v. UHS of Del. Inc.*, 2023 WL 5333262, at *7 n.15 (D. Ariz. Aug. 18, 2023) (similar) (where parties dispute inferences drawn from the facts within exhibits, "the Court cannot take judicial notice of the disputed facts contained in those documents, even if they are otherwise susceptible to judicial notice"). Accordingly, because the information in Exhibit 12 and Appendix A is irrelevant and Defendants seek to introduce it for the proposition that Onsemi's stock price "recovered steadily and fully[,]" and because that proposition is subject to reasonable dispute, the Court should decline judicial notice of Exhibit 12 and Appendix A.

## III.   CONCLUSION

Defendants improperly seek introduction of materials under the incorporation by reference doctrine and the judicial notice rule to create competing theories and alternative sets of facts. Accordingly, the Court should deny Defendants' Request for Judicial Notice.


DATED: November 22, 2024          Respectfully submitted,

          /s/ *Gary A. Gotto*
_____

**KELLER RORHBACK L.L.P**
Gary A. Gotto
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: 602-484-0088
Lax: 602-284-2822
ggotto@kellerrohrback.com

*Local Counsel for Lead Plaintiff*
*Jeffery S. Lew and the Class*

17

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
(State of Connecticut Juris No. 435545)
Gregory M. Potrepka (admitted *pro hac vice*)
(State of Connecticut Juris No. 437326)
David C. Jaynes (to be admitted *pro hac vice*)
(State of California Juris No. 338917)

1111 Summer Street, Suite 403
Stamford, CT 06905
Tel.: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com
Email: djaynes@zlk.com
Email: cvrichthofen@zlk.com

*Lead Counsel for Lead Plaintiff*
*Jeffery S. Lew and the Class*

18